John KELLY, Appellant,

v.

Myrna TRICKEY, Appellee.

No. 87–1612.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 13, 1988.

Decided April 14, 1988.

See also 689 S.W.2d 639.

Matthew D. Menghini, St. Louis, Mo., for appellant.

Stephen Hawke, Asst. Atty. Gen., for appellee.

Before JOHN R. GIBSON and BEAM, Circuit Judges, FLOYD R. GIBSON, Senior Circuit Judge.

BEAM, Circuit Judge.

John Kelly appeals the denial of his application for a writ of habeas corpus. We affirm.

I. Background

On May 24, 1983, Kelly was charged with rape by the State of Missouri. At trial,

Kelly's attorney, in her closing argument, asserted that the prosecution could have called certain witnesses to testify on its behalf but chose not to do so because none of them would have been able to corroborate the victim's version of the incident.

The prosecutor responded to this statement in her closing argument by pointing out that the defense could have called these same witnesses to testify. The prosecutor also told the jury that "[t]he law allows you to draw the inference from [the defense's failure to call these witnesses], that the reason they were not called was because they could not support [Kelly's] testimony." Kelly's attorney objected to these statements. The court overruled the objections.

Kelly was found guilty by the jury and sentenced to fifteen years imprisonment. He appealed to the Missouri Court of Appeals where the conviction was affirmed. Kelly then filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In his petition Kelly claims that the prosecutor's use of an adverse inference about Kelly's failure to call certain witnesses denied him a fair trial and deprived him of due process of law as required by the fourteenth amendment. The district court denied Kelly's petition for failure to exhaust state remedies, noting that Kelly did not specifically raise his fourteenth amendment due process claims before the Missouri courts.

## II. Discussion

Exhaustion of state remedies is a prerequisite to the filing of an application for a writ of habeas corpus. 28 U.S.C. § 2254(b). In *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), the Supreme Court held that a habeas petitioner's "federal claim must be fairly presented to the state courts" to satisfy the exhaustion requirement.

Kelly contends that his federal claim has been "fairly presented" to the state courts. He asserts that he presented to the Missouri courts the argument that he was denied a fair trial because the prosecutor was

allowed to raise an adverse inference about Kelly's failure to call certain witnesses during the trial. Kelly claims he presented to the Missouri courts a "pattern of facts that is well within the mainstream of constitutional litigation", as required by the test set forth in *Daye v. Attorney General*, 696 F.2d 186, 194 (2d Cir.1982) (en banc), *cert. denied*, 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984). In *Daye*, the Second Circuit listed four methods by which a defendant may be considered to have fairly presented his federal claim to the state courts:

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

*Id.* Relying on the fourth prong of the *Daye* test, Kelly asserts that his constitutional claim has been presented and that he has exhausted all available state remedies.

■ This circuit, however, has adopted a different test to determine whether the federal claim has been fairly presented to the state courts. *See Thomas v. Wyrick*, 622 F.2d 411 (8th Cir.1980). *Thomas* requires that the applicant for a writ of habeas corpus refer to "a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue" in a claim before the state courts. *Martin v. Solem*, 801 F.2d 324, 330–31 (8th Cir.1986) (citing *Thomas v. Wyrick*, 622 F.2d at 413.)

■ In presenting his claim to the state courts, Kelly cited twelve cases, all of which had been decided by Missouri courts and dealt with the question of when it is proper, as a matter of state evidentiary law, for the prosecution to comment on the defendant's failure to call a witness. In his argument to the Missouri courts, Kelly did not refer to "a specific federal constitution-

al right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." He has, therefore, failed to satisfy the presentation test set forth in *Thomas*.

Kelly urges that we abandon the *Thomas* test and adopt the more lenient *Daye* test. We decline his invitation. However, even if we were to apply the *Daye* test, it does not appear that Kelly has alleged "a pattern of facts that is well within the mainstream of constitutional litigation." As explained above, the claim Kelly presented to the state courts involved state evidentiary questions which raised only state law issues. There was nothing in his arguments which suggested the possibility of a federal constitutional claim.

Further, Kelly currently may pursue additional avenues of state relief. Subsection (c) of 28 U.S.C. § 2254 provides that "[a]n applicant [for a writ of habeas corpus] shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." Missouri Supreme Court Rule 27.26 allows a state prisoner to maintain a petition to vacate, set aside or correct his sentence at any time following the imposition of sentence. Kelly still has an opportunity to return to the Missouri courts to seek relief under this provision. Should Kelly later find that he is without an opportunity for state court review of his federal constitutional questions or that he has exhausted his state remedies, he may then return to the federal court with a new petition for a writ of habeas corpus.

In any event, it seems likely that Kelly may have difficulty in prevailing upon his underlying claim. In *United States v. Robinson*, — U.S. —, 108 S.Ct. 864, 867, 99 L.Ed.2d 23 (1988), the prosecutor commented in his closing argument that the defendant "could have taken the stand and explained it to you, anything he wanted to." The prosecutor made these comments in response to defense counsel's statements that "the Government had un-

fairly denied [defendant] the opportunity to explain his actions." *Id.* 108 S.Ct. at 866. The Supreme Court held that the prosecutor's use of an adverse inference did not violate the defendant's fifth amendment privilege to be free from self-incrimination. Where "the prosecutor's reference to the defendant's opportunity to testify is a fair response to a claim made by defendant or his counsel," there is no violation of the privilege. *Id.* at 869. In the case at hand, as in *Robinson*, the prosecutor's remarks were made in response to comments from the defendant's attorney. Although *Robinson* involved a fifth amendment claim, the same analysis would seem to be appropriate in analyzing Kelly's fourteenth amendment claim.

## III. Conclusion

For the foregoing reasons, the decision of the district court is affirmed.