Steven SATTER, Appellant,

v.

Walter LEAPLEY, Warden, South Dakota State Penitentiary; Roger Tellinghuisen, Attorney General, Appellees.

No. 91–2185.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 13, 1991.

Decided Oct. 19, 1992.

Rehearing and Rehearing En Banc
Denied Dec. 22, 1992.

**1260**

Aloysius Arendt, Pierre, S.D., for appellant.

Craig M. Eichstadt, Pierre, S.D., for appellee.

Before BEAM, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.

BEAM, Circuit Judge.

Steven Satter appeals the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. In 1974, he was convicted of two counts of involuntary manslaughter. His convictions were affirmed on direct appeal, but were vacated by the South Dakota Supreme Court in two actions for post-conviction relief. Satter is now in custody, awaiting retrial. In this habeas action, he asserts that his retrial is barred by the Double Jeopardy Clause of the Fifth and Fourteenth Amendments to the Constitution. The district court dismissed the action, holding that the claim is procedurally barred. We affirm.

## I. BACKGROUND

Satter was tried and convicted of two counts of unpremeditated murder in 1974. He was sentenced to two concurrent life terms without possibility of parole. His conviction was affirmed on direct appeal. *State v. Satter*, 90 S.D. 485, 242 N.W.2d 149 (1976) (Satter I). In his direct appeal, he asserted, among other things, that there was insufficient evidence of the depraved mind required for second-degree murder and that there was insufficient evidence to counter his claim of self-defense. The South Dakota Supreme Court found the evidence was sufficient. The court noted that, notwithstanding his claim of self-defense, Satter testified at trial that he had shot the victim in the back of the head after the victim had already been shot twice. *Id.* at 151–52.

In 1986, Satter filed a petition for post-conviction relief in the South Dakota state courts. He raised these issues: 1) voluntariness of statements to police; 2) ineffective assistance of counsel; and 3) inadequate jury instructions. Appellant's Appendix at 3 (Satter's Petition for a Writ of Habeas Corpus, in answer to question regarding grounds raised in previous habeas petitions).[1] The state habeas court denied his petition (Appellee's Appendix at 36–45, Memorandum Opinion of South Dakota Circuit Court Judge Irvin Hoyt, dated May 4, 1987), but the South Dakota Supreme Court later reversed, holding that certain statements should not have been admitted into evidence. *Satter v. Solem*, 422 N.W.2d 425, 428 (S.D.1988) (Satter II). The state petitioned for a rehearing, which was

---

1. Although it is not listed in Satter's federal habeas petition, the record shows that Satter also raised the issue of insufficiency of evidence at his first state court post-conviction proceeding. The state habeas court found with reference to the "contention of insufficient evidence to convict and denial of due process by virtue of the court's jury instructions, this court is satisfied by reviewing the record that neither of these contentions reaches the level that would constitute a deprivation of the Petitioner's constitutional rights." Appellee's Appendix at 44–45 (Memorandum of South Dakota Circuit Judge Irvin Hoyt, dated March 4, 1987). The state habeas court later found that Satter had waived and defaulted on the claim. Appellee's Appendix at 18 (Memorandum Opinion of South Dakota Circuit Court Judge Robert L. Timm, dated July 31, 1989). It is undisputed that Satter never presented the issue to the South Dakota Supreme Court on appeal of the state trial habeas findings.

granted, on the limited issues of the voluntariness of a statement and ineffective assistance of counsel. *Satter v. Solem*, 434 N.W.2d 725 (S.D.), *cert. denied sub nom. Rist v. Satter*, 490 U.S. 1091, 109 S.Ct. 2432, 104 L.Ed.2d 989 (1989) (Satter III). The statement at issue was found involuntary and the case was remanded to the habeas court for determination of the effects of the statement under the "fruit of the poisonous tree doctrine" announced in *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). *Satter III*, 434 N.W.2d at 728. On remand, the habeas court denied relief (Appellee's Appendix at 1–22, Memorandum of South Dakota Circuit Judge Robert L. Timm, dated July 31, 1989) but was again reversed. *Satter v. Solem*, 458 N.W.2d 762 (S.D.1990) (Satter IV). The South Dakota Supreme Court granted the writ of habeas corpus, vacated Satter's conviction and held that he is entitled to a new trial. *Id.* at 770. The Supreme Court also set forth the boundaries of admissible evidence. *Id.* Satter is now awaiting retrial.

In his petition for habeas relief in the present action, Satter asserts there is insufficient evidence to prove the depraved mind element and insufficient evidence to negate his claim of self-defense. In essence, he seeks adjudication of the sufficiency of evidence at his trial and asserts that a finding of insufficient evidence would form the predicate for a claim that a retrial is barred by the Double Jeopardy Clause of the Fifth and Fourteenth Amendments to the Constitution. The district court found that his claim is procedurally barred.

Satter raises three issues on appeal: 1) whether the district court erred in determining that the state court record contains a plain statement of procedural default; 2) whether the district court erred in finding that Satter did not fairly present the issue of insufficiency of evidence to the state courts; and 3) whether the district court erred in determining there has been no fundamental miscarriage of justice. Satter

makes no claim of cause and prejudice to overcome the procedural bar.

## II. DISCUSSION

■ A threshold issue is jurisdiction.[2] The court has jurisdiction to hear a properly exhausted claim of this type under 28 U.S.C. § 2254. *See Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 302–03, 104 S.Ct. 1805, 1810, 80 L.Ed.2d 311 (1984) (plurality opinion) (recognizing the special nature of the double jeopardy right and the fact that the right cannot be fully vindicated on appeal following final judgment). A claim that a state prosecution will violate the Double Jeopardy Clause presents an exception to the general rule of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), that federal courts abstain from interfering with state criminal proceedings. *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir.1992). It is thus well established that federal district courts can entertain pretrial habeas petitions in which petitioner asserts an impending state trial violates the Double Jeopardy Clause. *Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir.1992).

■ Ordinarily, a federal court reviewing a state conviction in a 28 U.S.C. § 2254 proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules. *Gilmore v. Armontrout*, 861 F.2d 1061, 1065 (8th Cir.1988), *cert. denied*, 490 U.S. 1114, 109 S.Ct. 3176, 104 L.Ed.2d 1037 (1989). This requirement implicates both the questions whether the petitioner has exhausted all remedies available in state court and whether he has preserved his claims for federal habeas corpus review by complying with state procedural rules governing their presentation. *Id.* Thus the determination of the procedural bar issue is separate and distinct from inquiry concerning whether a claim has been exhausted.

**2.** At oral argument, there was some discussion about whether the action was either premature or moot.

A component of the exhaustion issue is whether an issue has been "fairly presented" to the state courts in a federal constitutional context. *See Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). The state argues that the sufficiency of evidence issue was not presented to the state courts in a federal constitutional context but was raised only as a matter of state law. Although the constitutional substance of a claim must be apparent, it is not necessary to cite "book and verse on the federal constitution." *Id.,* 404 U.S. at 278, 92 S.Ct. at 513 (quoting *Daugharty v. Gladden,* 257 F.2d 750, 758 (9th Cir.1958)). Any challenge to the sufficiency of the evidence to convict in a state prosecution is necessarily a due process challenge to the conviction. *West v. Wright,* 931 F.2d 262, 266 (4th Cir.), *cert. granted,* — U.S. —, 112 S.Ct. 656, 116 L.Ed.2d 748 (U.S.1991). *See Jackson v. Virginia,* 443 U.S. 307, 322, 99 S.Ct. 2781, 2791, 61 L.Ed.2d 560 (1979) ("[A] challenge to a state conviction brought on the ground that the evidence cannot fairly be deemed sufficient to have established guilt beyond a reasonable doubt states a federal constitutional claim.") We find that Satter adequately alerted the state courts that he was raising a federal constitutional claim on direct appeal. To satisfy exhaustion requirements, a habeas petitioner who has, on direct appeal, raised a claim that is decided on its merits need not raise it again in a state post-conviction proceeding. *Evans v. Court of Common Pleas, Delaware Co., Pa.,* 959 F.2d 1227, 1230 (3d Cir.), *petition for cert. filed,* — U.S.L.W. — (U.S. July 13, 1992) (No. 92–5224). Accordingly, Satter has properly exhausted his sufficiency of evidence claim. This finding is of no consequence, however, because Satter later abandoned the claim, as discussed *infra.*

Having been exhausted, petitioner's claims must still comply with state procedural rules governing post-conviction proceedings. The district court found that Satter had abandoned the issue of sufficiency of evidence in his state court actions for post-conviction relief, and thus had procedurally defaulted that claim. We agree.

South Dakota law provides that "any ground not raised . . . in the proceedings resulting in his conviction or sentence or in any other proceeding that the applicant has taken to secure relief from his conviction . . . may not be the basis for a subsequent application. . . ." S.D. Codified Laws § 21–27–16.1 (1987). *See Gregory v. Solem,* 449 N.W.2d 827, 831 (S.D.1989) (adopting "cause and prejudice" standard of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), in order to overcome procedural bar). Satter would now be barred from raising the issue of insufficiency of evidence in a subsequent action for post-conviction relief in state court. Accordingly, he has defaulted that claim by his failure to pursue it in state post-conviction proceedings.

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review is barred unless the prisoner can show cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson,* — U.S. —, —, 111 S.Ct. 2546, 2551, 115 L.Ed.2d 640 (1991). Just as the state must afford the petitioner a full and fair hearing on his federal claim, so must the petitioner afford the state a full and fair opportunity to address and resolve the claim on the merits. *Keeney v. Tamayo–Reyes,* — U.S. —, —, 112 S.Ct. 1715, 1720, 118 L.Ed.2d 318 (1992). As noted, petitioner makes no claim of cause and prejudice, and this action does not involve the "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime" so as to amount to a fundamental miscarriage of justice. *McCleskey v. Zant,* — U.S. —, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991). Satter's failure to advance his insufficiency of evidence claim in his post-conviction appeal functions as an adequate and independent

procedural default and thus bars review by this court.[3]

■ Although our inquiry need continue no further, we note that Satter's underlying claim is without merit. Even if Satter's petition were not procedurally barred, he would not be entitled to the relief he seeks. It is undisputed that the Double Jeopardy Clause does not bar retrial after appellate reversal for trial error. *United States v. Ball*, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896). Once a judgment is reversed for insufficient evidence, however, the Double Jeopardy Clause bars retrial. *Burks v. United States*, 437 U.S. 1, 18, 98 S.Ct. 2141, 2151, 57 L.Ed.2d 1 (1978). An appellate court's finding of insufficient evidence to convict on appeal from a judgment of conviction is, for double jeopardy purposes, the equivalent of an acquittal. *Richardson v. United States*, 468 U.S. 317, 325, 104 S.Ct. 3081, 3086, 82 L.Ed.2d 242 (1984). Implicit in the rule permitting retrial after reversal of a conviction is the concept of "continuing jeopardy," a principle that applies where criminal proceedings against an accused have not run their full course. *Justices of Boston Mun. Court v. Lydon*, 466 U.S. at 308, 104 S.Ct. at 1813. The protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy. *Richardson*, 468 U.S. at 325, 104 S.Ct. at 3086.

■ In the present case, no appellate court has found that the prosecution produced insufficient evidence at Satter's first trial. In fact, the South Dakota Supreme Court made the opposite determination. Because Satter has never been subject to a ruling by a state court similar to that made in *Burks*, the reversal of his conviction for trial error simply continues the jeopardy that was begun in his first trial. *See, e.g., Evans*, 959 F.2d at 1236. Thus, double jeopardy is not implicated, regardless of sufficiency of evidence at his first trial. *Cf. Lockhart v. Nelson*, 488 U.S. 33, 40–42, 109 S.Ct. 285, 290–291, 102 L.Ed.2d 265 (1988) (when a reviewing court determines that a defendant's conviction must be set aside because certain evidence was erroneously admitted against him, and further finds that once the evidence is discounted, there is insufficient evidence to support the conviction, the Double Jeopardy Clause does not forbid retrial so long as the sum of evidence offered by the state and admitted by the trial court—whether erroneously or not—would have been sufficient to sustain a guilty verdict). We follow the reasoning of the Third Circuit in *Evans* that any other conclusion would be unthinkable. *Evans*, 959 F.2d at 1237. If claims of insufficient evidence were enough to implicate the Double Jeopardy Clause, every state prisoner who successfully argued trial error in his or her state appeal and faced retrial would be able to seek pretrial review from a federal habeas court of the quantum of evidence presented at the first

---

**3.** In connection with this argument, Satter asserts that the record contains no plain statement of procedural default as required by *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). Under *Harris*, in the absence of a plain statement, federal courts will presume that there is no independent and adequate state ground for a state court decision when the decision fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy or independence of any possible state law ground is not clear from the face of the opinion. *Coleman v. Thompson*, —— U.S. ——, ——, 111 S.Ct. 2546, 2557, 115 L.Ed.2d 640 (1991). The *Harris* presumption does not apply here. No plain statement is required if petitioner has failed to present his claim to the highest state court and the claim is procedurally barred. *Coleman*, —— U.S. at —— n. 1, 111 S.Ct. at 2557 n. 1. At any rate, the record shows a plain statement of procedural default: the state habeas court found (after remand from the South Dakota Supreme Court) "[p]etitioner has neither briefed nor argued his *Jackson* issue of sufficiency of the evidence, and it is, therefore, waived and defaulted for failure to assert it at the proper time and in the proper manner." Appellee's Appendix at 18 (Memorandum Opinion of South Dakota Circuit Court Judge Robert L. Timm, dated July 31, 1989). There is no dispute that Satter did not pursue the claim in further post-conviction proceedings before the South Dakota Supreme Court. The South Dakota Supreme Court did not address the issue because it had not been raised. The decision fairly appears to rest only on the fact that Satter abandoned the claim, and is not interwoven with any federal law. Accordingly, Satter's *Harris* contention is without merit.

trial. *Id.* It is hard to imagine a holding that could present a more draconian interference with state court criminal proceedings and that would be more inconsistent with the comity that the federal courts owe to the state courts. *Id.* We further note that Satter remains free to challenge the sufficiency of the evidence presented in his retrial in another habeas petition after retrial. *See Palmer,* 961 F.2d at 774–75.

### III. CONCLUSION

For the reasons stated above, the decision of the district court is affirmed.