34 F.3d 1076
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 George A. LOPEZ, Petitioner-Appellant,
v.
John SHANKS, Warden, Respondent-Appellee.
 No. 93-2181.
 United States Court of Appeals, Tenth Circuit.
 Aug. 5, 1994.
 
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner appeals the district court's denial of federal habeas relief, 28 U.S.C. 2254, from his New Mexico conviction for second degree murder, see N.M. Stat. Ann. 30-2-1(B).[2] In support of his petition for habeas relief, petitioner asserted that there was insufficient evidence presented to the jury to support his conviction. See generally Jackson v. Virginia, 443 U.S. 307, 321 (1979)("a state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt has stated a federal constitutional claim" cognizable under 2254).
 
 
 3
 At respondent's behest, the district court dismissed petitioner's habeas petition for failure to exhaust state court remedies. On appeal, however, respondent now concedes that petitioner should be excused from exhausting his state court remedies because he has previously presented the identical issue to the New Mexico Court of Appeals. See Appellee's Br. at 17.
 
 
 4
 Having reviewed the record, we conclude that petitioner has exhausted his state court remedies on the sufficiency of the evidence issue. Petitioner challenged the sufficiency of the evidence supporting his conviction at every level of his direct appeal. See Castille v. Peoples, 489 U.S. 346, 350 (1989)("once the state courts have ruled upon a claim, it is not necessary for a petitioner 'to ask the state for collateral relief, based upon the same evidence and issues already decided by direct review' " (citation omitted)). Although he did not specifically assert his challenge to the sufficiency of the evidence in federal constitutional terms, he did cite federal authority in support of his claim. More importantly, the issue presented by the state claim was identical to the federal constitutional question presented here: whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson, 443 U.S. at 319; State v. Sutphin, 753 P.2d 1314, 1318-19 (N.M.1988)(New Mexico test applicable to issue of sufficiency of evidence to support criminal conviction same as test set forth in Jackson ). Because the state claim was identical to the federal issue presented here, we conclude that petitioner has exhausted his state court remedies. See, e.g., Satter v. Leapley, 977 F.2d 1259, 1262 (8th Cir.1992)(2254 petitioner exhausted question of sufficiency of evidence, even though he did not present that issue to state courts in federal constitutional terms, because any challenge to sufficiency of evidence is necessarily due process challenge); Evans v. Court of Common Pleas, 959 F.2d 1227, 1233 (3d Cir.1992)(2254 petitioner had exhausted question of sufficiency of evidence, even though he had not presented that issue to state court as due process claim, because federal due process claim was "substantial equivalent" of claim presented to state court, in light of identical state and federal tests applicable to sufficiency of evidence issue), cert. dismissed, 113 S.Ct. 1071 (1993). See generally Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir.) (exhaustion requirement satisfied if petitioner shows that state court has had opportunity to rule on same claim presented now to federal court), cert. denied, 113 S.Ct. 347 (1992).
 
 
 5
 Because "[o]ur review of a district court's denial of a petition for a writ of habeas corpus is de novo," Sinclair v. Henman, 986 F.2d 407, 408 (10th Cir.), cert. denied, 114 S.Ct. 129 (1993), and in light of considerations of judicial efficiency, we will address the merits of petitioner's habeas claim challenging the sufficiency of the evidence supporting his second degree murder conviction.[3] The "relevant question [presented] is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319. New Mexico Stat. Ann. 30-2-1(B) provides that
 
 
 6
 [u]nless he is acting upon sufficient provocation, upon a sudden quarrel or in the heat of passion, a person who kills another human being without lawful justification or excuse commits murder in the second degree if in performing the acts which cause the death he knows that such acts create a strong probability of death or great bodily harm to that individual or another.
 
 
 7
 Review of the state court record indicates that the victim died as a result of stab wounds inflicted during a fight outside a bar. The fight occurred between the victim and his brother and approximately seven or eight bar patrons. Petitioner was present in the parking lot of the bar, along with the other bar patrons. Two witnesses testified that, immediately prior to the fight, petitioner had a knife in his hand. Upon one of these witnesses noticing the knife, petitioner remarked that "if he comes at me, I'll fuck him up," apparently referring to the victim's brother. As the fight began, petitioner was one of several bar patrons to rush the victim. One witness testified that during the fight, he saw petitioner, with two other bar patrons, around the victim, who was at that time down on his knees. The victim's brother testified that during the fight, he saw petitioner on top of his brother, swinging both hands at the victim.
 
 
 8
 Because this evidence, viewed in the light most favorable to the prosecution, is sufficient to support a finding by a rational trier of fact, made beyond a reasonable doubt, of the existence of all of the necessary elements of second degree murder under New Mexico law, petitioner is not entitled to federal habeas relief. See Jackson, 443 U.S. at 319. The judgment of the United States District Court for the District of New Mexico, therefore, is AFFIRMED. Petitioner's request for sanctions, ---- see Appellant's Reply Br. at 2, is DENIED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Petitioner's motion for a certificate of probable cause is granted. See 28 U.S.C. 2253
 
 
 [3]
 This court, on its own motion, has supplemented the record on appeal with the complete state court record, including the trial tapes, see Fed. R.App. P. 10(e), and we have carefully reviewed this state court record in its entirety