Alfred E. MYRE, Appellant,

v.

STATE OF IOWA, Appellee.

No. 94–2962.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 15, 1994.

Decided April 21, 1995.

Michael R. Stowers, Des Moines, IA, argued, for appellant.

Thomas D. McGrane, Asst. Atty. Gen., argued, for appellee.

Before MCMILLIAN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

JOHN R. GIBSON, Senior Circuit Judge.

Alfred E. Myre appeals from an order of the district court[1] dismissing his petition for habeas corpus filed under 28 U.S.C. § 2254 (1988) for failure to exhaust state remedies. He argues that he raised the constitutional issue concerning the burden of proof instruction in state court. Thus, he claims that he has met the exhaustion requirement. We affirm the judgment of the district court.

Myre was convicted of second degree murder after a jury trial in an Iowa state court. On appeal from his conviction, Myre argued that the trial court improperly instructed the jury on reasonable doubt. Myre's brief filed with the Iowa Court of Appeals argued that he had requested an instruction defining in considerable detail the meaning of "reasonable doubt." The trial court had refused Myre's instruction and given its own. Myre argued that the court's instruction was inadequate in that it *did not set out a standard for measuring the reasonableness of the jurors' doubts*. Myre cited state cases discussing the specificity with which reasonable doubt must be defined for a jury. He did *not* assert that the instruction given had lowered the burden of proof. Myre admits that his state appeal "did not strictly reference the constitution or strictly utilize constitutional analysis." The Iowa Court of Appeals affirmed. It addressed Myre's argument as a question of state law, holding that the instruction satisfied standards set out in Iowa cases. *State v. Myre*, No. 2–472/91–1391, slip op. at 5–6, 507 N.W.2d 419 (Iowa Ct.App. Feb. 2, 1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 558, 126 L.Ed.2d 459 (1993).

Myre then filed this habeas petition in which he raised four issues: a confrontation clause claim, a prosecutorial misconduct claim, the challenge to the reasonable doubt instruction, and a fourth claim which he later dismissed, admitting he had not exhausted his state remedies. The district court granted his motion to dismiss that claim. The magistrate judge[2] ruled that Myre had exhausted his state remedies as to the confrontation clause and prosecutorial misconduct claims, but not as to the claim challenging the reasonable doubt instruction. Since Myre had made an *objection* to the reasonable doubt instruction in state court, he argued to the district court that any challenge to the reasonable doubt instruction is "implicitly constitutional" and therefore that a petitioner should not be required to comply with the rule in *Kelly v. Trickey*, 844 F.2d 557, 558 (8th Cir.1988). The district court adopted the magistrate judge's report and found that Myre had not exhausted his state remedies as to the reasonable doubt instruction. Because Myre did not dismiss the unexhausted claim within the time granted him, the district court dismissed the whole petition on the basis of *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982).

■ On appeal, Myre argues that by raising any objection to the definition of "reasonable doubt," he alerted the state court to his federal constitutional claim that the standard of proof had been lowered beneath that required in *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). First, Myre urges this Court to modify our test for determining when a habeas petitioner has "fairly presented" his federal constitutional claim to the state courts, citing more liberal standards from other circuits. Our own standard is stated quite clearly in *Kelly v. Trickey*, where we said that a petitioner must "refer to 'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue' in a claim before the state courts." 844

---

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

2. The Honorable Celeste F. Bremer, United States Magistrate Judge for the Southern District of Iowa.

F.2d at 558 (quoting *Martin v. Solem*, 801 F.2d 324, 330–31 (8th Cir.1986)). This panel cannot adopt a different standard, even if we thought it appropriate, which we do not.

Therefore, Myre must satisfy the *Kelly* standard if he is to prevail. He argues that any claim concerning the adequacy of a reasonable doubt instruction is "implicitly constitutional," citing *Satter v. Leapley*, 977 F.2d 1259, 1262 (8th Cir.1992), in which we held that "[a]ny challenge to the sufficiency of the evidence to convict in a state prosecution is necessarily a due process challenge." This case does not present the situation where the claim the petitioner made in the state court is synonymous with an accepted principle of federal law. Although it is certainly possible to frame a federal constitutional argument about the adequacy of a reasonable doubt instruction, it is also possible to raise a discrete state procedural question about the adequacy of instructions under state law. Myre's citation of state authority invited the Iowa Court of Appeals to consider his claim as the latter, which it did. *See Duncan v. Henry*, —— U.S. ——, ——, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (per curiam) (federal claim not fairly presented when petitioner cited state law and state court "understandably confined its analysis to the application of state law").

Myre raises an argument in his reply brief concerning whether the state may appeal the magistrate judge's recommendation that Myre exhausted his state remedies as to his claim of prosecutorial misconduct. We do not consider arguments raised for the first time in a reply brief. *Wiener v. Eastern Arkansas Planting Co.*, 975 F.2d 1350, 1357 n. 6 (8th Cir.1992).

We affirm the judgment of the district court.