**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3366
_____

Michael McCall,                         *
                                        *
    Plaintiff/Appellant         *
                                        *
v.                                      *                          Appeal
                                                                   from
                                                                   the
                                                                   United
                                                                   States
                                        *  District Court for the
Dennis Benson, Warden,                  *  District of Minnesota.
                                        *
    Defendant/Appellee.         *
                                        *
                                        *
_____

        Submitted:                  March
                                                                   14,
                                                                   1997

          Filed:          May 30, 1997
_____

Before MAGILL,[1] MURPHY, Circuit Judges, and GOLDBERG,[2] Judge.
_____

_____

[1]The Honorable Frank J. Magill, was an active judge at the time that this case was submitted and assumed senior status on April 1, 1997, before the opinion was filed.

[2]The Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

GOLDBERG, Judge.

Michael R. McCall appeals from an order of the district court[3] denying his request for appointment of counsel and dismissing his petition for habeas corpus. The district court denied McCall's request for appointment of counsel because it found that the case did not raise either factual or legal issues complex enough to warrant appointed counsel. The district court denied McCall's habeas petition because it held that he was procedurally barred from obtaining relief. We affirm.

**I.**

McCall admitted that on January 22, 1994, he forced a woman into her nearby car, threatened to kill her, and attempted to rob her. McCall later entered into a plea agreement and was convicted of simple robbery and false imprisonment. Pursuant to the terms of the plea agreement, McCall was sentenced to 83 months for the robbery conviction, and to 25 months, to be served concurrently, for the false imprisonment conviction. The robbery sentence reflects an upward departure from the Minnesota Sentencing Guidelines ("Guidelines"). The sentencing court highlighted the following factors as relevant to its decision to exceed the Guidelines: the injury to the victim; the confinement of the victim against her will; the threat to kill the victim; and a prior conviction involving injury to a victim.

McCall directly appealed his sentence, challenging it on two levels. First, he argued that the upward departure was unjustified because the factors highlighted by the sentencing court were neither substantial nor compelling. Second, he argued that the concurrent sentence for false imprisonment violated Minnesota law because it arose out of a single behavioral incident. In an unpublished opinion, the Minnesota Court of Appeals affirmed the sentencing court, and the Minnesota Supreme Court denied his

---

[3]The Honorable David S. Doty, United States District Judge for District of Minnesota.

petition for further review.

Pursuant to 28 U.S.C. § 2254, McCall then filed this pro se petition for a writ of habeas corpus in the United States District Court of Minnesota. In his petition, McCall claims that his sentence violates both his due process and Eighth Amendment rights. He also asked the court to appoint counsel to represent him in the proceeding. Adopting the magistrate judge's report and recommendations,[4] the district court denied McCall's request for appointment of counsel and dismissed his habeas petition, concluding that McCall had procedurally defaulted on his federal constitutional claims in state court when he failed to raise them on direct appeal.

McCall appeals. He argues that his case involves complex and non-frivolous claims that warrant court appointed counsel. He further argues that he fairly presented his federal constitutional claims to the state courts in his direct appeal, albeit somewhat opaquely. For the following reasons, we affirm the decision of the district court.

**II.**

McCall first argues that the district court erred when it denied his motion for appointment of counsel. McCall contends that a court appointed attorney is justified because his habeas petition raises complex legal and factual issues that he is unable to effectively develop without the assistance of counsel. Yet, there is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, it is committed to the discretion of the trial court. Pennsylvania v. Finley, 481 U.S. 551, 555-57 (1987); Williams v. Missouri, 640 F.2d 140, 144 (8th Cir. 1981). Thus, we review the district court's decision to deny McCall's motion for abuse of discretion. Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990) (citation omitted).

---

[4]The Honorable Jonathan Lebedoff, United States Magistrate, United States District Court for the District of Minnesota.

This circuit has identified several factors to guide a district court when it evaluates whether a petitioner needs court appointed counsel. These include the factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel. <u>Battle</u>, 902 F.2d at 702; <u>Johnson v. Williams</u>, 788 F.2d 1319, 1322-23 (8th Cir. 1986) (citations omitted).

After considering these factors, we conclude that the district court did not abuse its discretion when it refused to appoint counsel. The factual and legal issues raised by McCall's petition are not so complex and numerous that the appointment of counsel would benefit either McCall or the court: he has clearly demonstrated at least a threshold ability to articulate his claims, and is capable of self-representation in this matter.

McCall next argues that the district court wrongfully dismissed his habeas petition without ruling on the merits of his federal constitutional claims. Yet, a federal court may usually only consider "those claims which the petitioner has presented to the state court in accordance with state procedural rules." <u>Abdullah v. Groose</u>, 75 F.3d 408, 411 (8th Cir. 1996), <u>cert.</u> <u>denied</u>, 116 S. Ct. 1838 (1996) (quoting <u>Satter v. Leapley</u>, 977 F.2d 1259, 1261 (8th Cir. 1992)).

Hence, before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court. <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995) (per curium). When the petitioner has failed to do so, we must then determine whether the petitioner has complied with state procedural rules governing post-conviction proceedings, i.e., whether a state court would accord the petitioner a hearing on the merits. <u>Harris v. Reed</u>, 489 U.S. 255, 268-70 (O'Connor, J., concurring); <u>Satter</u>, 977 F.2d at 1262. If state procedural rules prevent the petitioner from obtaining such a hearing, then the petitioner is also procedurally barred from obtaining habeas relief in a federal court

-4-

unless he can demonstrate either cause and actual prejudice, or that a miscarriage of justice will occur if we do not review the merits of the petition. Abdullah, 75 F.3d at 412-13 (citing Satter, 977 F.2d at 1262).

In order to fairly present a federal claim to the state courts, the petitioner must have referred to "'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue' in a claim before the state courts." Myre v. State of Iowa, 53 F.3d 199, 200-01 (8th Cir. 1995) (quoting Kelley v. Trickey, 844 F.2d 557, 558 (8th Cir. 1988)). McCall's direct appeal failed to refer to any of the above.

Instead, in his direct appeal, McCall challenged his sentence solely on state law grounds: he argued only that the sentencing court misinterpreted Minnesota law when it applied the Guidelines. McCall admits that these claims were "phrased in the jargon of state law," but argues that they were really "[f]ederal [c]onstitutional issues since the state laws are in essence restatements of the [f]ederal [c]onstitution in different words." Appellant's Br. at 9-10.

We cannot agree. Mere similarity between the state law claims and the federal habeas claims is insufficient: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Henry, 513 U.S. at 365-66. Here, nothing that McCall submitted to the Minnesota Court of Appeals would, in any way, alert it to the constitutional claims that he now asserts.

Indeed, the very case that McCall contends supports his assertion that his state law claims incorporate his federal habeas claims fails to discuss, or to even refer to, the federal constitution. Appellant's Br. at 9-10 (discussing State v. Krech, 312 Minn. 461, 252 N.W.2d 269 (1977)); see Krech, 312 Minn. at 464-68, 252 N.W.2d at 272-73 (discussing the purpose of the Guidelines using only state precedent). Accordingly, we believe that McCall failed to fairly present his due process and Eighth Amendment

claims to the Minnesota state court.

Because we conclude that McCall failed to fairly present his federal habeas claims to the state court, we now address whether Minnesota state law would prevent him from raising these claims in a state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). The district court found that under state law, McCall waived his federal constitutional claims because he failed to raise them on direct appeal. We agree. Minnesota law provides that once the petitioner has directly appealed his sentence "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." State v. Knaffla, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976); Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995). There is no evidence that McCall's habeas claims were unknown, or so novel that their legal basis was unknown, at the time of his direct appeal. Hence, we conclude that McCall has defaulted on these claims because he failed to pursue them on direct appeal. Id.; see also Dent v. State, 441 N.W.2d 497, 499 (Minn. 1989); Fox v. State, 474 N.W.2d 821, 824 (Minn. 1991).

Thus, we cannot review his claims on their merits unless McCall is able to demonstrate either cause for his default and actual prejudice, or that the failure to consider his claims would result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Abdullah, 75 F.3d at 412-13 (citing Satter, 977 F.2d at 1262). Neither exception is available to McCall.

McCall has not offered an explanation for why he failed to raise his federal constitutional claims in his direct appeal; instead, he asserts that they were subsumed by his state law claims. Because this assertion does not constitute cause, we do not consider whether McCall has demonstrated prejudice. Leggins v. Lockhart, 822 F.2d 764, 768 (8th Cir. 1987) (citation omitted).

The fundamental miscarriage of justice exception is equally unavailing because

-6-

it is only available to a petitioner who demonstrates "that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent." <u>Brownlow v. Groose</u>, 66 F.3d 997, 999 (8th Cir. 1995), <u>cert.</u> <u>denied</u>, 116 S. Ct. 1049 (1996) (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995)).  McCall has not even attempted to show that he was actually innocent of simple robbery and false imprisonment.  Moreover, in light of his guilty plea, such an attempt would be unpersuasive.

### III.

For the foregoing reasons, we affirm the district court's denial of the petitioner's request for appointed counsel and it's dismissal of his habeas petition.


A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.