# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-3324

———————

Ann J. Thomas,                                  *
                                                *
           Appellant,                           *
                                                *   Appeal from the United States
     v.                                         *   District Court for the
                                                *   Western District of Missouri.
Louis Caldera, Secretary of the Army,           *
                                                *        [UNPUBLISHED]
           Appellee.                            *

———————

Submitted: May 4, 2000

Filed: May 9, 2000

———————

Before McMILLIAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

PER CURIAM.

Ann J. Thomas appeals the district court's[1] grant of summary judgment in favor of Secretary of the Army Louis Caldera (Secretary Caldera) in her employment discrimination action. We affirm.

Ms. Thomas, an African American with a bachelor's degree in architectural-engineering technology, applied for a structural-civil-engineer internship with the United States Army Corps of Engineers (COE), claiming entitlement to a disabled-

———————

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

veteran's preference. Two white males, who were not veterans, were selected for the internships. In March 1998, Ms. Thomas filed this action for damages, alleging that she was not hired because of her race and sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17; and that she was not credited a veteran's preference or provided written reasons why she was "passed over" in favor of a non-veteran, in violation of the Veterans Preference Act (VPA), 5 U.S.C. §§ 2108, 3309, 3313, 3318.[2] The district court granted summary judgment to Secretary Caldera, finding that Ms. Thomas had failed to establish a factual dispute over whether the proffered legitimate, nondiscriminatory reasons for the COE's employment decision were pretextual, and that the VPA did not afford a private right of action.

After careful review of the record, we hold the district court did not err in granting summary judgment on the Title VII claim. Assuming, without deciding, that Ms. Thomas was qualified for the position, see Kobrin v. University of Minn., 121 F.3d 408, 414 (8th Cir. 1997) (prima-facie-case elements), cert. denied, 522 U.S. 1113 (1998), we conclude defendant proffered legitimate, nondiscriminatory reasons for her nonselection--the chosen applicants had better credentials--and Ms. Thomas failed to create a factual dispute over whether these reasons were pretextual: she offered statistical evidence showing that African-American female engineers had not been hired at the COE in previous years, but the statistics did not indicate the pool of applicants from which selections were made, and her other evidence--consisting of generalized statements--was insufficient to constitute proof of pretext, see McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973) (burden-shifting analysis); Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 777-78 (8th Cir. 1995) (statistical evidence

---

[2]She also asserted claims under the Fourteenth Amendment and under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, but the district court dismissed these claims on the basis that they were preempted by Title VII, the exclusive judicial remedy for federal employees alleging employment discrimination. We do not address Ms. Thomas's argument challenging the dismissal of these claims, because she raises the matter for the first time in her reply brief, see Myre v. State of Iowa, 53 F.3d 199, 201 (8th Cir. 1995) (refusing consideration of argument raised for first time in reply brief), and her argument rests on evidence not in the district court's record.

not probative of pretext because it failed to analyze treatment of comparable employees); McLaughlin v. Esselte Pendaflex Corp., 50 F.3d 507, 511 (8th Cir. 1995) ("[E]mployers have wide latitude to make business decisions.").

The VPA claim also fails. When Ms. Thomas filed her complaint, the VPA did not provide an express private right of action, see Philippeaux v. North Cent. Bronx Hosp., 871 F. Supp. 640, 647 (S.D.N.Y. 1994) (no express private right of action under VPA), and we agree with the district court that no implied right of action existed, see Taydus v. Cisneros, 902 F. Supp. 278, 285 (D. Mass. 1995) (job applicant for temporary position with U.S. Department of Housing and Urban Development had no express action under VPA and no implied action because the Administrative Procedures Act offered adequate relief); see also Lohf v. Runyon, 999 F. Supp. 1430, 1437 (D. Kan. 1998) (collecting cases declining to imply private right of action). We decline to address Ms. Thomas's argument, raised for the first time on appeal, that the Veterans Employment Opportunities Act (enacted while her case was pending) provides a remedy. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.) (claims raised for first time on appeal generally will not be reviewed), cert. denied, 471 U.S. 1126 (1985).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-