# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-1653

_____

Romeo C. Hardin El,            *
                                        *
             Appellant,     *
                                        *      Appeal from the United States
     v.                              *      District Court for the
                                        *      Southern District of Iowa.
State of Iowa,             *
                                        *            [UNPUBLISHED]
             Appellee.       *

_____

Submitted: December 13, 2004
Filed: January 6, 2005

_____

Before BYE, HANSEN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Romeo C. Hardin El ("Hardin El")[1] appeals the district court's[2] denial and dismissal of his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. We affirm.

_____

[1]Although the Iowa courts referred to the petitioner as Hardin, this Court will refer to the petitioner as Hardin El, the name he gave in this proceeding.

[2]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

## I.   BACKGROUND

Hardin El is serving a life sentence and two concurrent ten-year terms pursuant to state jury verdicts of first-degree murder, willful injury and terrorism with intent to injure. Hardin El appealed, and the Iowa Court of Appeals affirmed his convictions.

Hardin El then applied for postconviction relief (PCR). In his pro se petition, he brought claims based upon ineffective assistance of trial and appellate counsel, prosecutorial misconduct, abuse of discretion and newly discovered evidence. Appointed PCR counsel filed an amended petition raising two different claims. At the PCR hearing, the court briefly discussed with Hardin El whether he was willing to proceed only on the two grounds raised by his appointed counsel in the amended petition. When asked whether he had a dispute with his counsel over which claims to present, Hardin El replied, "I don't have nothing to say. We basically went over it and I'm comfortable with it." Ruling only on the two issues presented by Hardin El's PCR counsel, the court denied Hardin El's PCR application. The Iowa Court of Appeals affirmed.

Hardin El filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Hardin El claimed the following: "(1) he was denied effective assistance of counsel when counsel (appellate and postconviction) refused to raise claims of prosecutory misconduct, abuse of trial court's discretion and newly discovered evidence before the Iowa courts; (2) violation of federal law regarding his juvenile court waiver; (3) actual innocence premised on newly discovered evidence; [and] (4) denial of state court review of his pro se claims on direct appeal in postconviction relief proceedings."

The district court held that Hardin El failed to exhaust claims (1), (2), and (4) in state court and that claim (3) did not warrant an evidentiary hearing. Hardin El

filed a timely notice of appeal, and the district court granted a certificate of appealability on all four claims.

## II.    DISCUSSION

### A. Exhaustion

We review the district court's findings of fact for clear error and its conclusions of law de novo. *Thomas v. Bowersox*, 208 F.3d 699, 701 (8th Cir. 2000). Whether Hardin El failed to exhaust his claims in state court proceedings is a matter of law, which we review de novo. *See Randolf v. Kemna*, 276 F.3d 401, 403 (8th Cir. 2002). We agree with the district court's holding that Hardin El failed to exhaust claims (1), (2), and (4).

Before obtaining federal habeas review, a state prisoner must exhaust his federal claims by presenting them for review in the appropriate state forum. 28 U.S.C. § 2254(b). The exhaustion doctrine requires state prisoners to "'give the state court one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'" *Dixon v. Dormire*, 263 F.3d 774, 777 (8th Cir. 2001) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Hardin El's first two claims for habeas relief were never raised in Iowa courts and are not exhausted. Hardin El never brought a claim for ineffective assistance of PCR counsel in state court,[3] and he never challenged his waiver of juvenile

---

[3]Even if we were to reach the merits of this claim, it would fail because a petitioner cannot claim constitutionally ineffective assistance of state postconviction counsel. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Nolan v. Armontrout*, 973 F.2d 615, 616-17 (8th Cir. 1992). In addition, Hardin El's current claim for ineffective assistance of direct appeal counsel was one of the pro se claims he waived

proceedings on federal constitutional grounds in state court. *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (explaining that a petitioner must refer to a specific constitutional right to fairly present a federal claim in state court).

In his fourth claim for habeas relief, Hardin El attempts to resurrect the claims he raised in his pro se PCR petition. The district court found that Hardin El waived these claims when he agreed to pursue only the two claims brought by his appointed counsel. We agree with the district court that Hardin El's statement to the PCR court that he was "comfortable" proceeding on the two claims brought by his counsel constituted a waiver of his original pro se claims. Because Hardin El waived his pro se claims, Iowa courts were never given an opportunity to address those claims, and they were not exhausted under 28 U.S.C. § 2254. *See* Iowa Code § 822.8; *McCall*, 114 F.3d at 756-57 (holding that a federal court may consider only those claims that the petitioner presented to the state court in accordance with state procedural rules).[4]

For these reasons, we hold that Hardin El did not exhaust claims (1), (2), and (4) of his habeas petition pursuant to 28 U.S.C. § 2254(b). Thus, the district court did not err in dismissing these claims.

## B. Actual Innocence

The district court held that Hardin El's third claim, actual innocence, did not warrant an evidentiary hearing. We agree.

---

during PCR proceedings. We dispose of that claim with his fourth claim below.

[4]Hardin El claims that he re-asserted these claims in a Motion Requesting Order for Limited Remand that he filed with the Iowa Supreme Court while the PCR court's decision was pending. That document only requested a remand of those issues to the Iowa district court. In denying this motion, the Iowa Supreme Court neither addressed nor had opportunity to address the merits of those claims.

Hardin El claims he is entitled to an evidentiary hearing because he possesses newly discovered evidence of his actual innocence. Because Hardin El failed to develop this claim in state court, he is not entitled to an evidentiary hearing unless there is either a new rule of constitutional law or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and the facts would establish "by clear and convincing evidence" his actual innocence. 28 U.S.C. § 2254(e)(2); *Morris v. Dormire*, 217 F.3d 556, 560 (8th Cir. 2000).

Hardin El's petition provides only the following to support his claim of actual innocence: "Since [the time of trial, the petitioner has received] evidence which proves that petitioner did not commit the offense including but not limited to (A) eyewitnesses identifying person other than petitioner and (B) new testimony in petitioner's defense." He provides nothing further. Such bare allegations are insufficient to prove by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found Hardin El guilty. Thus, the district court did not err in denying Hardin El's request for an evidentiary hearing.

## III. CONCLUSION

For these reasons, we affirm the district court's denial and dismissal of Hardin El's Petition for Writ of Habeas Corpus.