# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3150

_____

Mark John Carney,                         *
                                          *
            Appellant,                    *
                                          *   Appeal from the United States
      v.                                  *   District Court for the
                                          *   District of Minnesota.
Joan Fabian, Minnesota Commissioner       *
of Corrections,                           *
                                          *
            Appellee.                     *

_____

Submitted:  March 12, 2007
Filed:  June 5, 2007

_____

Before WOLLMAN, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

      Mark Carney appeals from the district court's[1] denial of his petition for a writ of habeas corpus. We affirm.

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

## I.

In March 2001, Carney was convicted in a Minnesota state district court of first-degree murder and was sentenced to life in prison for the shooting death of John Voeller. At the time of the murder, Carney believed that Voeller was having an affair with his wife, Shelia. At trial, Carney admitted that he shot Voeller, but asserted that he had acted in the heat of passion and requested that the jury receive an instruction for the lesser-included offense of first-degree heat-of-passion manslaughter. The trial court denied Carney's motion and the jury subsequently returned a guilty verdict.

On direct appeal, Carney asserted, *inter alia*, that the trial court erred in refusing to give the heat-of-passion manslaughter instruction. The Minnesota Supreme Court concluded that the trial court did not err in refusing to give the instruction and affirmed Carney's conviction. State v. Carney, 649 N.W.2d 455 (Minn. 2002). Following his direct appeal, Carney filed a petition for state postconviction relief, alleging ineffective assistance of counsel. The trial court denied his petition and the Minnesota Supreme Court affirmed. Carney v. State, 692 N.W.2d 888 (Minn. 2005).

Carney subsequently sought federal habeas corpus relief, asserting, among other things, that he was deprived of his constitutional right to due process when the trial court refused to give the heat-of-passion manslaughter instruction. A magistrate judge[2] issued a report and recommendation that concluded that Carney's due process argument was procedurally defaulted because it was not fairly presented to the Minnesota Supreme Court and, alternatively, that the argument would fail on the merits. The district court adopted the magistrate judge's report and recommendation and denied Carney's petition.

---

[2]The Honorable Janie S. Mayeron, United States Magistrate Judge for the District of Minnesota.

## II.

Carney contends on appeal that his due process claim was fairly presented to the state court and therefore not procedurally defaulted. Carney further asserts that the trial court's refusal to give the heat-of-passion manslaughter instruction constituted a denial of his due process rights under the Fourteenth Amendment. "In reviewing a federal district court's denial of habeas corpus relief, we review findings of fact for clear error and conclusions of law *de novo*." Bell v. Attorney General, 474 F.3d 558, 560 (8th Cir. 2007).

To be eligible for federal habeas corpus relief, a state prisoner must first "exhaust his state law remedies and fairly present the facts and substance of his habeas claim to the state court." Middleton v. Roper, 455 F.3d 838, 855 (8th Cir. 2006), *cert. denied*, 127 S. Ct. 980 (2007). "In order to fairly present a federal claim to the state courts, the petitioner must have referred to 'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts.'" McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) (quoting Myre v. State of Iowa, 53 F.3d 199, 200 (8th Cir. 1995)). "If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted." Barrett v. Acevedo, 169 F.3d 1155, 1161 (8th Cir. 1999) (en banc).

As stated above, on direct appeal Carney challenged the trial court's refusal to give the heat-of-passion manslaughter instruction. In that proceeding, however, Carney relied solely on state law grounds – namely, that the trial court misapplied Minnesota's state statutes and case law on point. Carney did not specifically assert a due process violation, refer to the United States Constitution, or cite a relevant federal constitutional case.[3] In addition, and despite his assertion to the contrary,

---

[3]We reject Carney's contention that his brief on direct appeal sufficiently asserted a due process violation when it stated that the trial court's failure to give the

-3-

Carney's citation to State v. Auchampach on direct appeal does not constitute a reference to a "state case raising a pertinent federal constitutional issue" because the constitutional issue raised in Auchampach is not pertinent to the one presented here.[4] See State v. Auchampach, 540 N.W.2d 808, 814-18 (Minn. 1995).

Despite his failure to refer specifically to a federal constitutional provision or relevant case, Carney asserts that he is entitled to federal habeas review because the state law arguments that he presented to the Minnesota Supreme Court are identical to his due process arguments presented here. This argument lacks merit because, as we have previously noted, "[m]ere similarity between the state law claims and the federal habeas claims is insufficient . . . ." McCall, 114 F.3d at 757 ("'If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.'" (quoting Duncan v. Henry, 513 U.S. 364, 365-

_____

heat-of-passion manslaughter instruction affected his "substantial rights" and his "significant, fundamental rights." These rights that Carney was referring to were those provided under Minnesota state law, and Carney cited only Minnesota state law to support his argument. Further, while petitioners are not required to "cite book and verse on the federal constitution" to satisfy the fair presentment requirement, "the constitutional substance of a claim must be apparent," and the petitioner "must have explicitly referred the state courts to the United States Constitution or federal case law." Wyldes v. Hundley, 69 F.3d 247, 251 (8th Cir. 1995) (internal quotations omitted). This standard is not satisfied by the vague references petitioner relies on here.

[4]One of the issues before the court in Auchampach was whether the government bore the burden of proving the absence of heat-of-passion when the matter is before the jury. State v. Auchampach, 540 N.W.2d 808, 816-18 (Minn. 1995). The sole federal constitutional issue raised in this context was the principle that due process requires the government to prove beyond a reasonable doubt the existence of every element of the crime charged. Id. at 816. The court did not address the federal constitutional implications of a trial court's refusal to give a lesser-included offense instruction. The constitutional issue presented in Auchampach was therefore not pertinent to Carney's case.

-4-

66 (1995))). Further, as the magistrate judge pointed out, the constitutional standard governing lesser-included offense instructions in noncapital cases – if there is one – is not necessarily synonymous with the standard imposed under Minnesota state law, since the Supreme Court has never held that there is a constitutional requirement that lesser-included offense instructions be given in noncapital cases.[5] Dickerson v. Dormire, 2 Fed. Appx. 695, 695-96 (8th Cir. 2001) (unpublished per curiam); Tatum v. Dormire, 183 F.3d 875, 878 (8th Cir. 1999); Pitts v. Lockhart, 911 F.2d 109, 112 (8th Cir. 1990).

Also unpersuasive is Carney's assertion that his federal habeas claim was fairly presented because Minnesota case law regarding lesser-included offense instructions relies upon federal constitutional law. None of the cases relied on by Carney regarding this point were included in his brief on direct appeal and the fact that federal constitutional law shaped Minnesota's state law does not satisfy the fair presentment requirements set forth above. Accordingly, we agree with the district court and conclude that Carney failed to fairly present his due process claim to the Minnesota state court.

The judgment is affirmed.

_____

---

[5]For this reason, we note that even if Carney's claim were not procedurally defaulted, it would fail on the merits. To grant federal habeas relief, current law requires us to conclude that a state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d) (2006). Because "[t]he Supreme Court has never held that due process requires the giving of lesser-included-offense instructions in noncapital cases," Dickerson v. Dormire, 2 Fed. Appx. 695, 696 (8th Cir. 2001), the trial court's refusal to give the heat-of-passion manslaughter instruction here cannot be considered to be contrary to clearly established federal law.