**STATE of Iowa, Appellee,**

v.

**Tyrie BALL, Appellant.**

**No. 98–790.**

Supreme Court of Iowa.

Sept. 9, 1999.

Linda Del Gallo, State Appellate Defender, and Martha J. Lucey, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, William E. Davis, County Attorney, and Robert Weinberg, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and SNELL, JJ.

LAVORATO, Justice.

A jury convicted Tyrie Ball of possession with intent to deliver and failure to affix a drug tax stamp. *See* Iowa Code §§ 124.401(1)(a), 453B.12 (1997). He appeals from the judgment of conviction and sentence, contending that the district court erred in denying his motion to suppress incriminating statements. Because we conclude there was no good cause for his untimely motion to suppress, we do not reach the merits of the court's ruling denying the motion. We therefore affirm.

**I.** Police stopped the vehicle in which Ball was a passenger. One of the officers—Behning—saw Ball throw something underneath the car. Behning retrieved the object and noticed it had the appearance of crack cocaine. At that point, Behning handcuffed Ball and read him his

*Miranda* rights. Ball responded, asking to speak to a lawyer. Another officer—Sikorski—arrived on the scene and also informed Ball of his *Miranda* rights.

At the station, Sikorski again read Ball his *Miranda* rights and obtained from Ball a written waiver to speak with him. Sikorski was apparently unaware that, at the scene, Ball had asked Behning to speak to a lawyer. During Sikorski's interview with Ball, Ball made several incriminating statements.

Eventually, the State charged Ball with possession with intent to deliver crack cocaine and failure to affix a drug tax stamp. The minutes of testimony listed five officers—including Behning—as witnesses. The State included in the minutes reports from three of the officers. The State, however, neglected to include Behning's report and neglected to mention in the minutes that Ball had asked to speak to an attorney following his arrest.

Apparently, it was not until cross-examination of Behning that Ball's attorney had access to Behning's report, which confirmed that Ball had asked Behning to speak to an attorney. Using the report, the defense counsel cross-examined Behning:

Q. You've told us that after arresting Tyrie Ball, you put him in the squad car, too? A. He was placed in the squad car prior to me arresting him.

Q. And you made sure you gave him his *Miranda* warnings, right? A. After arresting him. Yes.

Q. And he told you he wanted to talk to his lawyer, didn't he? A. I believe so.

Q. On the scene he told you that, true? A. I believe so. Yes.

Q. Did you relate that to officer Sikorski later? A. No, I don't think so.

Following Behning's testimony and out of the presence of the jury, Ball moved to suppress his incriminating statements to Sikorski. In support of the motion, Ball

relied on *Edwards v. Arizona*, 451 U.S. 477, 485, 101 S.Ct. 1880, 1885, 68 L.Ed.2d 378, 387 (1981) (holding that Fifth Amendment protection against self-incrimination requires police to notify suspect of right to counsel and to cut off interrogation once suspect invokes the right; absent counsel, further interrogation may not occur unless suspect initiates subsequent conversation; if police initiate subsequent interrogation, there can be no valid waiver of counsel even though police advise suspect of his or her constitutional rights and suspect acquiesces in the interrogation).

The State resisted, contending the motion was untimely and there was no good cause shown for the delay.

The court responded:

THE COURT: I'm not going to rule one way or the other on that because I think that counsel's correct; if they say that they were not aware that the defendant had ever asked for an attorney, I think that's new, I think that's a surprise, I think that would waive the timeliness argument.

The court then overruled the motion, reasoning that (1) Sikorski was unaware Ball had asked to speak to a lawyer, and (2) Sikorski had made a good-faith effort to inform Ball of his constitutional rights. The court admitted into evidence Ball's incriminating statements to Sikorski. Later, the jury found Ball guilty of both charges.

On appeal, Ball contends the district court erred when it denied his motion to suppress his incriminating statements to officer Sikorski. Ball asserts the incriminating statements were obtained in violation of his Fifth and Fourteenth Amendment rights under the Federal Constitution.

The State insists that, because Ball failed to file his motion to suppress before trial, he waived his right to raise the constitutional issue during trial. We agree.

II. Iowa Rule of Criminal Procedure 10(2), (3), and (4) pertinently provides:

2. **Pretrial Motions.** Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. The following *must* be raised prior to trial:

. . . .

c. Motions to suppress evidence on the ground that it was illegally obtained. . . .

3. **Effect of Failure to Raise Defenses or Objections.** Failure of the defendant to timely raise defenses or objections or to make requests which must be made prior to trial under this rule shall constitute waiver thereof, but the court for *good cause* shown, may grant relief from such waiver.

4. **Time of Filing.** Motions hereunder, except motions in limine, shall be filed when the grounds therefor reasonably appear but no later than forty days after arraignment.

(Emphasis added.)

Here, the motion was one to suppress evidence on the ground that it was illegally obtained. Under the rule, Ball was therefore required to file the motion no later than forty days after arraignment. His failure to file the motion in time constituted a waiver of his constitutional objection unless there was good cause shown to grant relief from such waiver. We have found a waiver even when the State did not resist the motion as untimely and unexcused. *See, e.g., State v. Terry*, 569 N.W.2d 364, 368 (Iowa 1997); *State v. McCowen*, 297 N.W.2d 226, 227–28 (Iowa 1980).

The narrow question we must decide is whether the district court correctly ruled there was good cause to grant Ball relief from the waiver under rule 10(3). Our review is for abuse of discretion. *Cf. State v. Hines*, 225 N.W.2d 156, 160–61 (Iowa 1975) (holding that review of "good cause" determination to avoid dismissal for

speedy trial purposes is abuse of discretion).

The district court believed there was good cause to grant relief from the waiver because defense counsel learned for the first time on cross-examination of officer Behning that Ball had asked to speak to a lawyer after he was advised of his *Miranda* rights. In short, the court felt that defense counsel was surprised by the revelation and that this surprise constituted good cause.

Essentially, by its ruling, the district court treated defense counsel and Ball as two separate entities. In *State v. Cole*, we took the opposite approach under a similar scenario and imputed the knowledge of the defendant to that of defense counsel and treated them as one entity. 295 N.W.2d 29, 39 (Iowa 1980). In *Cole*, then Iowa Rule of Criminal Procedure 10(2)(c), (4) required motions to suppress to be filed within thirty days of arraignment or prior to impaneling of the jury, whichever occurred first, unless extended for good cause shown. Iowa R.Crim. P. 10(2)(c), (4) (1979).

The defense counsel in *Cole* made an argument that good cause existed to allow the untimely motion to suppress:

"I want to say very frankly that this is the very first time that any of us knew that a search took place, and if the court would look at Officer Lumley's minutes of his testimony, you will find, Your Honor, that there is not one word in there about there was a search."

*Cole*, 295 N.W.2d at 39. We rejected this argument, and we agreed with the district court's determination that the objections were untimely, reasoning that

there was enough information in the possession of *defendant* to inform her of the facts necessary to file a motion to suppress *or at least to prompt her to make a further investigation.* Although she might not have been made aware by these minutes of the *legal* basis for ob-

jection, she was clearly alerted to the *factual* basis for it. . . .

*Id.* (emphasis added). Thus, in *Cole*, this court treated the defendant and defense counsel as one collective unit with respect to knowledge of factual information to support the motion.

Similarly, here, Ball's attorney made the following argument to the district court:

First, I'd make an oral motion to suppress the statement that is coming in through Sikorski, and the basis for making that motion is the testimony of Officer Behning yesterday who said for the first time and, quite frankly, it was reflected in his report for the first time we ever saw it, that on the scene after being given *Miranda* my client asked to speak to a lawyer.

Obviously, Ball knew that he had asked to speak to a lawyer. For this reason, we can safely infer that he had the necessary factual information to make a timely pretrial motion to suppress. We therefore conclude good cause to excuse the late filing was lacking. The district court abused its discretion in concluding otherwise.

**III.** Other courts have held that a defendant is charged with the responsibility to inform trial counsel of all pertinent facts that are sometimes uniquely within the defendant's knowledge. *See, e.g., United States v. Wilson*, 115 F.3d 1185, 1191 (4th Cir.1997). In *Wilson*, after the government presented its case in chief, the defendant moved to suppress the evidence seized at the defendant's apartment on the basis that state agents had failed to knock and announce their identity. The trial court overruled the motion because it was not filed before trial as required under Federal Rule of Criminal Procedure 12(b)(3). Similar to our rule 10(3), a failure to file a suppression motion before trial constitutes a waiver of the motion under Federal Rule of Criminal Procedure 12(f). Federal rule 12(f), however, like our rule 10(3), permits a federal district court

to grant relief from the waiver "for cause shown."

Rejecting the defendant's contention that such cause existed, the federal appellate court in *Wilson* said:

Additionally, [the defendant] was personally aware of the agents' actions leading to their seizing the evidence.... [The defendant] was responsible for informing his counsel of the pertinent facts of the evening in question, and his defense counsel was responsible for vigorously investigating all of the details of what transpired. Consequently, during his pre-trial investigation of the case, defense counsel could have discovered whether the state officials had actually failed to knock and announce their identity and purpose. Any "communications gap in that regard will not be recognized as good cause."

*Id.* (footnote omitted) (citation omitted); *accord United States v. Ricco,* 52 F.3d 58, 62 (4th Cir.1995). *See also* Wayne R. La-Fave, *Search and Seizure: A Treatise on the Fourth Amendment* § 11.1(a), at 9 (3d ed.1996).

**IV.** In all fairness to the defense counsel, Ball was less than cooperative. The record reveals counsel tried to withdraw because Ball would not talk to him. In these circumstances, Ball is on shaky grounds when he now claims good cause. His own failure to cooperate contributed in large part to counsel's failure to discover the grounds for the motion to suppress.

On the other hand, we give no kudos to the prosecution. The prosecution attached reports from three of five officers to the minutes of testimony, leaving out the most critical report, that of officer Behning. The prosecution also failed to mention in the minutes that Ball had asked to speak to an attorney following his arrest. Had the prosecution either attached Behning's report or mentioned in the minutes that Ball had asked to speak to an attorney it would have been obvious to the defense

counsel that his client had grounds for a motion to suppress.

**AFFIRMED.**