# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1535

_____

| | |
|---|---|
| Tyrie Bell, | * |
| | * |
| Appellant, | * |
| | *    Appeal from the United States |
| v. | *    District Court for the |
| | *    Southern District of Iowa. |
| Attorney General of the State of Iowa; | * |
| Sara M. Revell, Warden, Greenville | * |
| Correctional Facility, | * |
| | * |
| Appellees. | * |

_____

Submitted:  October 18, 2006
Filed:  January 26, 2007

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Tyrie Bell appeals the district court's[1] judgment dismissing his petition for writ of habeas corpus.  We affirm.

_____

[1]The Honorable Ronald Longstaff, then Chief Judge, United States District Court for the Southern District of Iowa.

# I.

Tyrie Bell[2] was convicted in Iowa state court of possessing with the intent to deliver cocaine base and failing to affix a drug tax stamp. The convictions stemmed from a traffic stop during which an officer witnessed Bell throw a package of crack cocaine underneath the stopped vehicle.

During Bell's trial, Bell's lawyer learned for the first time that Bell had asked the arresting officer if he could speak to a lawyer after being read his Miranda rights and prior to being interviewed by another officer, who had also read Bell his Miranda rights but who was apparently unaware that Bell had made the earlier request for a lawyer. Bell's lawyer lacked this knowledge because Bell neglected to provide it to him and did not fully cooperate with him prior to trial.[3] Once aware of this fact, Bell's lawyer moved to suppress the statements Bell made during his interview with the second officer, contending that the interview violated Bell's Fifth Amendment protection against self-incrimination under Edwards v. Arizona, 451 U.S. 477, 484-85 (1981) (holding that once a suspect invokes his right to counsel, no further interrogation may occur until counsel is provided or the suspect initiates further communications, exchanges, or conversations). The state argued that the motion should be denied pursuant to Rules 10(2) and 10(3) of the Iowa Rules of Criminal Procedure,[4] which require that a motion to suppress be raised before trial unless there is a showing of good cause. The trial court denied Bell's motion, noting that while good cause for the late filing had probably been shown, the evidence was nevertheless

---

[2]Petitioner's legal name is Tyrie Bell, but due to a clerical error he was prosecuted and convicted under the name Tyrie Ball. We refer to him by his legal name throughout this opinion.

[3]The record reveals that Bell's counsel unsuccessfully attempted to withdraw prior to trial because Bell would not communicate with him.

[4]The relevant rules have since been changed to Rules 2.11(2) and (3).

admissible because the second officer had made a good faith effort to inform Bell of his constitutional rights.

On direct appeal, Bell's single argument was that the trial court erred when it denied his motion to suppress. State v. Ball, 600 N.W.2d 602, 604-605 (Iowa 1999). The Iowa Supreme Court affirmed the trial court's denial of the motion on strictly procedural grounds, concluding that Bell's failure to inform counsel about his prior request to speak with an attorney did not constitute good cause to excuse the late filing of his motion to suppress. Id. at 605.

Bell subsequently filed for state postconviction relief in Iowa district court, alleging that his trial counsel was ineffective for failing to file pre-trial motions to suppress the evidence. Bell's postconviction counsel eventually moved to withdraw from the case, stating that the claimed grounds for relief were frivolous. Bell was given the opportunity to respond to this motion, but did not do so. The Iowa district court thereafter permitted counsel to withdraw and dismissed Bell's application. On appeal, the Iowa Supreme Court found the claim to be frivolous and dismissed the appeal.

On federal habeas review, the district court held that Bell's Fifth Amendment claim was not reviewable because the issue was adequately decided on state procedural grounds. The court also determined that Bell could not show good cause for the procedural default, since the default was attributable to him. Lastly, the district court dismissed Bell's claim of ineffective assistance of counsel on the merits.

## II.

Bell contends on appeal that his Fifth Amendment claim is reviewable and that trial counsel was ineffective. In reviewing a federal district court's denial of habeas

corpus relief, we review findings of fact for clear error and conclusions of law *de novo*.  Evans v. Luebbers, 371 F.3d 438, 441 (8th Cir. 2004).

Bell argues that the procedural default regarding his Fifth Amendment claim was excusable.  We disagree.  Federal habeas review of a state court decision is not available "if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment," regardless of "whether the state law ground is substantive or procedural."  Coleman v. Thompson, 501 U.S. 722, 729 (1991).  Such review is still available, however, if the claim has been defaulted pursuant to a state procedural rule and "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law . . ."  Id. at 750.  A cause is sufficient to excuse procedural default when it is external to the petitioner, and not attributable to the petitioner.  Id. at 753.

Here, Bell's Fifth Amendment claim was procedurally defaulted on independent state law grounds because the motion to suppress was not timely filed under Iowa's Rules of Criminal Procedure.   The reason for this untimely filing was Bell's failure to inform his trial counsel of the facts supporting his motion to suppress.  Because this cause is attributable to Bell, it is insufficient to excuse the procedural default.  We are therefore precluded from reviewing Bell's Fifth Amendment claim.

Bell further contends that his trial counsel was ineffective because he failed to timely file a motion to suppress.  Because Bell's ineffective assistance claim was adjudicated in state court, we will grant federal habeas relief only if the state court's resolution of the claim "'(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'"  Winfield v. Roper, 460 F.3d 1026, 1032 (8th Cir. 2006) (quoting 28 U.S.C. § 2254(d)).  To be eligible for relief on the claim of ineffective assistance of counsel, Bell must show (1) that his counsel's

performance was deficient, and (2) that the deficient performance prejudiced his defense. Id. at 1033.

The record reveals that Bell's trial counsel was unaware until trial that there may have been a Fifth Amendment violation. Although we recognize that "counsel has a duty to make reasonable investigations," Strickland v. Washington, 466 U.S. 668, 691 (1984), it does not appear, and Bell does not allege, that this lack of knowledge was due to any neglect on trial counsel's part. Rather, it was due to Bell's refusal to cooperate with trial counsel. Bell has cited no authority that would impose a duty on counsel to file a motion to suppress in such a situation. We therefore agree with the district court and conclude that it was not an unreasonable application of law for the Iowa courts to find no merit to Bell's ineffective assistance of counsel claim.

The judgment of dismissal is affirmed.

_____