STATE of Iowa, Plaintiff–Appellee,

v.

Gregory HOLLIE Jr., Defendant–
Appellant.

No. 12–0727.

Court of Appeals of Iowa.

June 26, 2013.

David E. Mullin of Mullin & Laverty, L.C., Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, Thomas H. Miller, Assistant Attorney General, Jerry Vander Sanden, County Attorney, and Laurie Craig, Assistant County Attorney, for appellee.

Considered by DOYLE, P.J., and DANILSON and MULLINS, JJ.

DOYLE, P.J.

Gregory Hollie Jr. appeals from the judgment and sentence entered following his conviction for driving while barred. He argues the district court erred in denying his motion to suppress as untimely. We disagree and find the district court did not abuse its discretion in denying the motion as untimely. Alternatively, Hollie argues his trial counsel was ineffective in failing to timely file a motion to suppress. We agree and therefore reverse and remand.

## I. Background Facts and Proceedings.

On October 21, 2011, a Cedar Rapids police officer observed a car being operated with no license plates but displaying a temporary registration card. A traffic stop was initiated. The driver, Hollie, produced an identification card, but he had neither a driver's license nor the requested insurance and title documents. After Hollie asked the officer why he stopped him, the officer replied, "Because you don't have a license plate." Hollie asked, "Because I have temp tags?" The officer responded, "Yeah. People alter those all the time so we pull them over just to make sure."

Hollie was ultimately arrested and charged with driving while barred, an aggravated misdemeanor, in violation of Iowa Code sections 321.560 and 321.561 (2011). Later the State filed a trial information, and Hollie filed a written arraignment and plea of not guilty on November 30, 2011. A jury trial was set for January 30, 2012, with a pretrial conference to be held on January 11. The pretrial report, generated after the conference, indicates Hollie requested the trial be reset because "[a]dditional discovery [was] needed." The trial was reset for March 5, 2012.

On February 7, 2012, Hollie filed a motion to suppress alleging the stop "was not justified by any traffic violation" and therefore violated Hollie's rights "under the [F]ourth Amendment to the United States [C]onstitution, and the laws and Constitution of the State of Iowa." The State resisted, arguing the motion was untimely under Iowa Rule of Criminal Procedure 2.11(4) and that Hollie had not stated

any good cause for the late filing of his motion. The timeliness issue and the merits of the motion were both submitted to the court for consideration. The digital recording of the stop and a supplemental police report were accepted by the court as "the evidence in entirety as it relates to [Hollie's] motion to suppress." The court denied the motion, finding Hollie failed to establish good cause for filing his untimely motion. The merits of the motion were not reached.

After Hollie waived his right to a jury trial the morning of the trial, the matter was tried on the minutes of testimony and the suppression hearing exhibits. The court found Hollie guilty of driving while barred, and it sentenced Hollie to ten days in jail with credit for any time already served. Hollie was also ordered to pay a fine and surcharges, as well as court costs and sundry fees.

Hollie now appeals.

## II. Timeliness of Motion to Suppress.

■ Hollie first argues the district court erred in denying his motion to suppress as untimely. Iowa Rule of Criminal Procedure 2.11(4) required Hollie to file his motion to suppress within forty days of his arraignment. Hollie's motion was filed sixty-nine days after he filed his written arraignment, and there is no dispute that Hollie's motion was untimely. Failing to file the motion in time waived Hollie's constitutional objections to the stop and seizure, unless there was good cause for the late filing. *State v. Ortiz*, 766 N.W.2d 244, 250 (Iowa 2009). In ruling on the untimeliness of the motion, the district court found:

> In this matter, [Hollie's] counsel urged that good cause for the untimely motion to suppress was based on counsel's tardiness in realizing the viability of the suppression issue alleged in its mo-

tion. Counsel's assertion was that she intended to file the motion to suppress but just didn't get around to doing it in a timely fashion. [Hollie's] counsel agrees that the untimeliness was not due to any latent evidentiary discovery.

> The court finds that the good cause showing for the untimely filing of the motion to suppress in this matter is not adequate. [Hollie] has had the same attorney throughout the prosecution of this matter and that attorney has had full access to all discoverable evidence in a timely manner. "Merely not getting around to it" cannot be considered adequate grounds to violate a specific time limitation. Furthermore, the State's interest in obtaining a timely trial was prejudiced, in that the trial of this matter was reset partially for the reason of filing this untimely motion. It is clear from the record that [Hollie's] counsel has had full opportunity and knowledge in which to file this motion in a timely manner and that the reasons for the untimeliness are not adequate.

■ "We review the district court's good cause determination regarding the timeliness of a motion to suppress for an abuse of discretion." *Id.* at 249. Upon our review of the hearing transcript, we agree with the district court's assessment. The district court's denial of the motion as untimely was not clearly untenable or unreasonable. But this does not end the matter.

## III. Ineffective Assistance of Counsel.

■ Alternatively, Hollie contends his trial counsel was ineffective in failing to timely file a motion to suppress. "We review claims of ineffective assistance of counsel de novo." *State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). Although we often preserve ineffective-assistance

claims for postconviction relief, we find the record here is sufficient to address this claim on direct appeal. *See State v. Braggs,* 784 N.W.2d 31, 34 (Iowa 2010). Ineffective assistance of counsel requires a defendant to prove (1) trial counsel failed to perform an essential duty and (2) such failure resulted in prejudice. *Everett v. State,* 789 N.W.2d 151, 158 (Iowa 2010).

Hollie's trial counsel conceded the motion to suppress was not timely filed. She took full responsibility for the tardy filing. She explained she had made a notation in her file that she needed to "follow up and look at actual reports to see what the basis for the stop was." The task had not made her "to-do" list, and it was not until the initial pretrial conference, at which time she reviewed the State's reports, that she first realized there was a potential suppression issue. As noted above, we agree with the district court's assessment that this was not an adequate showing of good cause to excuse the late filing of the motion. Consequently, Hollie's trial counsel breached an essential duty. We turn to the prejudice prong.

■ To prove prejudice, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Brubaker,* 805 N.W.2d 164, 174 (Iowa 2011) (quoting *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Hollie contended the stop was not justified by any traffic violation and that the seizure violated his rights under the Fourth Amendment of the United States Constitution and the laws and Constitution of the State of Iowa. Federal and state constitutional search and seizure principles applicable to traffic stops were recently and thoroughly discussed in *State v. Tyler,* 830 N.W.2d 288, 291–94 (Iowa 2013); *see also State v. Pals,* 805 N.W.2d 767, 773–74 (Iowa 2011).

It would serve no purpose to repeat them here.

■ In order to justify the stop of Hollie's car, the officer needed to have, at a minimum, reasonable suspicion to believe criminal activity had occurred or was occurring. *State v. Tague,* 676 N.W.2d 197, 204 (Iowa 2004). In other words, the officer must have had "specific and articulable facts, which taken together with rational inferences from those facts, to reasonably believe criminal activity may have occurred. Mere suspicion, curiosity, or hunch of criminal activity is not enough." *Id.* (internal citations omitted). Determination of whether reasonable suspicion exists is made "in light of the totality of the circumstances confronting the officer, including all information available to the officer at the time the officer makes the decision to stop the vehicle." *Id.*

With certain exceptions, Iowa Code section 321.37(1) requires registration plates to be attached to a motor vehicle, "one in the front and the other in the rear." A violation of this statute gives an officer probable cause to stop a motorist. *See State v. Lloyd,* 701 N.W.2d 678, 681–82 (Iowa 2005). But:

> A vehicle may be operated upon the highways of this state without registration plates for a period of forty-five days after the date of delivery of the vehicle to the purchaser from a dealer if a card bearing the words "registration applied for" is attached on the rear of the vehicle.

Iowa Code § 321.25.

■ Hollie's vehicle was stopped for displaying a temporary registration card. As the officer explained, her sole reason for doing so was because "[p]eople alter those all the time so we pull them over just to make sure." The officer did not claim she did not see the temporary registration

card before initiating the stop, or that the card was altered, or that it was improperly displayed, or that it was in violation of any applicable statute or regulation. The officer articulated no mistake of fact in stopping the car. The officer stated no reasonable grounds to believe the vehicle was not properly registered. The officer had no specific and articulable facts upon which to reasonably believe criminal activity was afoot. The officer's stated excuse for pulling Hollie over was, at best, a sweeping suspicion or hunch of criminal activity on the part of people in general.

Our jurisprudence does not recognize an unfettered cart blanche authority on the part of officers to make random investigatory traffic stops, and for good reason.

Under the Fourth Amendment, the United States Supreme Court has recognized that allowing law enforcement unbridled discretion in stopping vehicles " 'would invite intrusions upon constitutionally guaranteed rights.' " *Delaware v. Prouse,* [440 U.S. 648, 661, 99 S.Ct. 1391, 59 L.Ed.2d 660] (1979) (quoting *Terry v. Ohio,* [392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.Ed.2d 889] (1968)). When there is no probable cause or reasonable suspicion for a stop, an officer has the "kind of standardless and unconstrained discretion [that] is the evil the Court has discerned when in previous cases it has insisted that the discretion of the official in the field be circumscribed, at least to some extent." *Id.* Moreover, the Court recognized that individuals frequently spend significant time traveling in automobiles and must be entitled to protection against unreasonable searches and seizures when traveling. *Id.* at [662–63, 99 S.Ct. 1391]. "Were the individual subject to unfettered governmental intrusion every time [she or] he entered an automobile, the security guaranteed

by the Fourth Amendment would be seriously circumscribed." *Id.*

*Tyler,* 830 N.W.2d at 292.

Having no reasonable suspicion, the officer's stop of Hollie's car violated Hollie's constitutional right to be free from unreasonable searches and seizures. But for its untimeliness, the motion to suppress should have been granted. We therefore determine that had a motion to suppress been timely filed there is a reasonable probability the result of the proceedings would have been different. Accordingly, Hollie has shown prejudice resulted from his counsel's failure, and that he did not have effective assistance of counsel.

We therefore reverse and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**