# IN THE COURT OF APPEALS OF IOWA

No. 13-1387
Filed June 25, 2014

**HAYES ELBERT BAKER III,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, James D. Scott, Judge.

Hayes Baker appeals the district court's denial of his application for postconviction relief in which he asserted his criminal trial counsel provided ineffective assistance. **AFFIRMED.**

Matthew R. Metzgar of Rhinehart Law, P.C., Sioux City, for appellant.

Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, Patrick Jennings, County Attorney, and Drew Bockenstedt, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, J.**

Hayes Elbert Baker III appeals from the district court's denial of his application for postconviction relief. Baker asserts that he is entitled to postconviction relief due to the ineffective assistance of his criminal trial counsel. We find that the district court correctly denied the application for relief, and we now affirm.

**I. Factual and Procedural Background**

Baker and Brooke Carey were in a relationship until 2009. They lived together in Sioux City and had two children together. By February 2009, their relationship had become strained beyond its breaking point. Brooke told Baker that he was no longer welcome to live with them. Baker agreed to move out, but after he reappeared in late February, Brooke moved herself and her children out of their duplex and moved in with Amanda, Brooke's sister.

On March 7, 2009, Baker appeared in front of Amanda's house as Brooke pulled up in her car. Brooke started to pull away, but Baker punched through the driver's window, forced Brooke into the passenger seat, and climbed into the driver's seat through the broken glass. Brooke escaped through the passenger door. She ran into Amanda's house screaming for help. Baker left the car and followed her into the house. Once inside, Baker pinned her to the ground while pushing in on her eyes. Amanda tried to intervene. Baker bit Brooke's nose, causing a deep laceration. Baker then fled the house and got back into Brooke's car. Amanda followed and tried to stop him from taking the car by removing the keys from the ignition. Baker threatened to kill Amanda and grabbed her by the throat. Amanda relinquished the keys and sprayed Baker with pepper spray

before retreating back to the house. Baker drove away. Brooke and Amanda were both taken to the hospital and treated for their injuries.

On March 9, 2009, Baker was discovered hiding in a closet in an abandoned house directly across the street from Amanda's. The room in which he was hiding had a window looking out onto Amanda's house. That night, the police found Brooke's car outside of town, driven off an embankment and into a grove of trees.

Baker was convicted by a jury of six criminal charges: attempted burglary, assault, theft, domestic abuse assault, possession of a controlled substance, and burglary in the first degree. The first-degree burglary charge was based on Baker's assault of Brooke inside Amanda's house, and Baker's defense of consent to enter Amanda's house is the basis for Baker's ineffective-assistance-of-counsel claim.

Baker now claims that his trial counsel, Greg Jones, deprived him of effective assistance due to Jones's failure to interview four potential witnesses. According to Baker, the witnesses would have testified that Amanda—up to three years before the events leading to his convictions—consented to Baker entering her house at any time, making it impossible for the State to prove an essential element of the first-degree burglary charge. The district court found Baker had not identified these witnesses to his trial counsel and therefore counsel breached no duty to Baker. Baker appeals.

**II. Scope and Standard of Review**

"Generally, an appeal from a denial of an application for postconviction relief is reviewed for correction of errors at law." *Goosman v. State*, 764 N.W.2d

539, 541 (Iowa 2009). However, in regards to the alleged constitutional error of ineffective assistance of counsel, our review is de novo. *Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012); *Hannan v. State*, 732 N.W.2d 45, 50 (Iowa 2008).

**III. Analysis**

In order to succeed on his ineffective assistance of counsel claim, Baker must establish by a preponderance of the evidence that (1) trial counsel failed to perform an essential duty and (2) Baker was prejudiced as a result. *See State v. Williams*, 695 N.W. 2d 23, 28–29 (Iowa 2005). "Failure to demonstrate either element is fatal to a claim of ineffective assistance." *State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

For Baker to establish that Jones failed to perform an essential duty as trial counsel, he must overcome "a strong presumption that the performance of counsel falls within a wide range of reasonable professional assistance." *Fullenwider v. State*, 674 N.W.2d 73, 75 (Iowa 2004). To successfully rebut that presumption, Baker must affirmatively present facts establishing the inadequacy of Jones's representation. *Millam v. State*, 745 N.W.2d 719, 721 (Iowa 2008). Representation is inadequate only when it falls "below the standard demanded of a reasonably competent attorney." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). Nothing in the record suggests that Jones's representation was either incompetent or inadequate.

Baker argues that Jones should have interviewed four potential witnesses regarding his assertion that he had permission to enter Amanda's house when he attacked Brooke. He testified that he had sent Jones a letter naming the four

potential witnesses far in advance of the trial. He also asserted that Jones met with him only one time before trial.

Jones, on the other hand, testified that he had met with Baker eight times prior to trial. Jones supported his testimony with his notes, which were taken contemporaneously with the trial preparation process. His testimony included the specific dates of those eight meetings and the topics discussed. He testified that Baker did indeed send him many letters prior to trial, but that none of them mentioned or listed these four potential witnesses. Jones further testified that Baker was a difficult client. Baker refused to meet with him on several occasions and refused to accompany him to a pivotal deposition, necessitating its cancellation. Jones testified he nevertheless followed every lead that Baker provided him and interviewed each potential witness of whom Baker actually informed him.

In its ruling, the district court noted: "Baker admits he never told his lawyer of these witnesses when they met but claims he wrote Jones a letter describing the four potential witnesses. Jones testified he did not receive such a letter and the Court believes Jones who documented his contact with Baker." As to Baker's claim that Jones met with him only once, the district court specifically found, "Baker's testimony is not credible." We give weight to the credibility findings by the postconviction court. *See id.* at 141.

As the district court noted, Baker was responsible for making his counsel aware of all the pertinent facts, particularly the existence of potential witnesses. *See State v. Ball*, 600 N.W.2d 602, 605–06 (Iowa 1999). Baker has not established a failure to perform an essential duty because Jones thoroughly and

timely followed up on multiple leads he deemed relevant to Baker's defense.  An attorney will not fall below the threshold of reasonable competency by failing to interview witnesses whose existence his client has not shared.

We find, therefore, that Baker has failed to establish Jones's representation as deficient.  We need not consider whether prejudice resulted to answer the issue presented.  If such an analysis were needed, however, we agree with the district court that "[t]he evidence of Baker's guilt . . . is overwhelming" such that there is no reasonable probability of a different result at trial.

Based on our findings, we agree with the trial court's denial of post-conviction relief.

**AFFIRMED.**