# IN THE COURT OF APPEALS OF IOWA

No. 19-0074
Filed April 1, 2020

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**SHAWNETTE CARMALE COURTS,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, John C. Nelson, District Associate Judge.

The defendant appeals from her conviction for operating while intoxicated, second offense, and challenges the restitution order. **CONVICTION AFFIRMED; SENTENCE VACATED IN PART AND REMANDED.**

Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and May and Greer, JJ.

**GREER, Judge.**

Shawnette Courts appeals her conviction and sentence for operating while intoxicated, second offense, following a bench trial on the stipulated evidence. Courts maintains the district court abused its discretion in finding there was not good cause to extend the deadline to allow her to file a motion to suppress more than seventy-five days after the deadline and argues the court's order of restitution violates the procedure outlined in *State v. Albright*, 925 N.W.2d 144, 162 (Iowa 2019).

### I. Background Facts and Proceedings.

On December 12, 2017, a police officer stopped the vehicle Courts was driving. The officer testified he stopped Courts after witnessing her failure to stop at a stop sign. After observing Courts, the officer believed she was driving under the influence of alcohol and placed her under arrest.

This police intervention led to a charge against Courts of operating while intoxicated, second offense, and she was arraigned on December 22. An attorney filed an appearance on Courts's behalf the same day.

On April 19, 2018, nearly 120 days after she was arraigned, Courts filed a motion asking the court "for leave to file motions and notices beyond the time limits set forth in the Iowa Rules of Criminal Procedure." Courts, through her attorney, stated she just recently reviewed tapes that showed there may have been a possible issue with the stop of the car. She alleged, "Specifically, the video of the stop seems to show the car the defendant is operating comes to a complete stop at the stop sign." On the same day, Courts moved to suppress, asserting that the stop of her vehicle violated her constitutional rights. The State resisted Courts's

motion to extend deadlines and asked the court to dismiss Courts's untimely motion to suppress.

The court set the motion to extend deadlines for hearing. Defense counsel was present at the hearing, but Courts was not. The court learned that defense counsel did not have contact with Courts until March 9. Twenty days later, on March 29, defense counsel requested the videos from the State. Defense counsel received the videos on April 12 and reviewed them about one week later.

In its written ruling, the district court denied the motion to extend, stating:

> The motion to extend and motion to suppress were both filed approximately [75][1] days after the 40 day deadline for the same had elapsed. Defense counsel did move quickly once she had the videos. In the best of all worlds, [defense counsel] would have requested the videos much earlier in the chronology of this case and/or file[d] a timely motion to extend the deadlines.
> The court finds good cause does not exist to allow the motion to extend. Defense counsel could have and should have requested the videos much sooner, regardless of the level of contact with the client. Additionally, the formal charging documents do indicate the reason for the stop that led to the filing of criminal charges herein.

A couple of months later, the defense attorney moved to withdraw as Courts's attorney. On July 3, the court held a hearing on the motion. Courts joined the attorney's motion to withdraw. Over the State's resistance, the court granted the motion and appointed Courts new counsel.

In November, Courts's new counsel moved to extend deadlines, arguing:

---

[1] The district court found they were filed "approximately 45 days" after the deadline. This appears to be a scrivener's error, as nearly 120 days elapsed between Courts's arraignment and the filing of the motions, so the motions were actually filed around seventy-five days after the deadline. *See* Iowa Rs. Crim. P. 2.11(4) ("Motions hereunder, except motions in limine, shall be filed when the grounds therefor reasonably appear but no later than 40 days after arraignment."); 2.11(2)(c) (requiring "[m]otions to suppress evidence on the ground it was illegally obtained" to be raised before trial).

New counsel was appointed outside the timelines. The issue becomes, does the new court appointed attorney come into the case with their hands tied because of being outside the timelines and the Court[']s previous denial of the request to extend those timelines.

The court denied the motion, ruling, "The issue has already been litigated. The circumstances have not changed since the court previously denied an extension. The current request is also untimely."

Courts then waived her right to a jury trial. Following a bench trial on the stipulated evidence, the court convicted Courts of operation while intoxicated, second offense. She was later sentenced to jail for a period of 365 days, with 358 days suspended.

Courts appeals.

**II. Discussion.**

**A. Motion to Extend.** Iowa Rule of Criminal Procedure 2.11(4) required Courts to file her motion to suppress within forty days of her arraignment. *See State v. Ortiz*, 766 N.W.2d 244, 250 (Iowa 2009). "If a defendant fails to file the motion within that time, the objection is waived. However, if the court finds good cause for the late filing, the court can excuse the untimeliness." *Id.* (citation omitted). Here the filing of the April 19, 2018 motion to suppress came almost 120 days after Courts's December 22, 2017 arraignment.

To avoid the ramifications of the delay, Courts contends the district court abused its discretion in denying her motion to extend the deadline to file her motion to suppress, arguing she established good cause for the extension. To support the extension, she argues her first trial counsel's failure to diligently investigate the case and make a timely request for the video from the squad car established good

cause.[2] "We review the district court's good cause determination regarding the timeliness of a motion to suppress for an abuse of discretion." *State v. Ruhs*, 885 N.W.2d 822, 825 (Iowa Ct. App. 2016) (citation omitted).

The bottom line is that the untimely motion to suppress was based on what the video of the stop purported to show—that Courts had, in fact, made a complete stop at the stop sign. But neither counsel nor Courts offered a cogent explanation why the video of the stop was not sought or reviewed sooner. Courts did not meet with her attorney for the first time until March 9, by which time the deadline for the motion to suppress had long passed. Not until after this first meeting did counsel request the video from the State. Still, the minutes of testimony provided the officer's explanation for initiating the stop of Courts's vehicle, so, even without meeting Courts, counsel had notice of possible suppression issues. Neither Courts's initial failure to take an interest in her own defense nor defense counsel's

---

[2] At times in her appellate brief, Courts refers to her first attorney's lack of action as a breach of duty. We recognize that a trial counsel's failure to timely file a motion to suppress that the court should have granted is cause for a claim of ineffective assistance and would ultimately result in a reversal of a verdict. *See State v. Rhiner*, 352 N.W.2d 258, 261 (Iowa 1984). And we note Courts is not prohibited from bringing an ineffective-assistance-of-counsel claim on direct appeal by the amended Iowa Code section 814.7 (2019), as the judgment and sentence here were filed on January 4, 2019. *See State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019) ("On our review, we hold Iowa Code sections 814.6 and 814.7, as amended, do not apply to a direct appeal from a judgment and sentence entered before July 1, 2019."). But she does not raise a claim of ineffective assistance. And, even if she did, we would have to preserve the claim, as the record before us is inadequate for our review. *See State v. Carroll*, 767 N.W.2d 638, 646 (Iowa 2009). Courts's theory seems to be that counsel breached a duty by failing to file a timely motion to suppress and that Courts was prejudiced because the motion to suppress would have been successful. But this theory requires proof that the police video establishes Courts stopped at the stop sign—depriving the officer of probable cause to initiate the stop. Yet the video was never admitted into the record, so we cannot review it to determine the merits of Courts's claim.

failure to investigate the case constitute "good cause" for missing the filing deadline by approximately seventy-five days. *See State v. Hollie*, 854 N.W.2d 695, 697 (Iowa Ct. App. 2013) (affirming district court ruling defendant had not establish good cause where the motion to suppress was filed twenty-nine days after the deadline and the basis for the delay was "counsel's tardiness in realizing the viability of the suppression issue alleged in its motion" in spite of having full access to all discoverable evidence).

Courts's case is distinguishable from that of *Ortiz*. 766 N.W.2d at 250. There, the defendant filed a letter with the court complaining that his counsel failed to take any action on the case. *Id.* In response to the defendant's complaint, the court removed defendant's counsel and appointed new counsel. *Id.* "Shortly after [the defendant's] last counsel filed her appearance, she diligently explored the possibility of filing such a motion" and then did so. *Id.* In contrast, Courts did not appear to be involved in her own defense. She did not attend a pretrial conference in January 2018, so her attorney had to request a continuance. It was Courts's attorney who filed the motion to withdraw from representation alleging a breakdown of the attorney-client relationship. And at the hearing on the matter, the attorney informed the court she believed it was the appropriate action to take in response to the court's order stating she was not diligent in investigating the case. Once the court asked Courts, she joined the motion to withdraw. Yet after Courts's initial counsel was removed and new counsel was appointed, new counsel waited more than four months for requesting a new extension of deadlines to file a motion to suppress.

The district court did not abuse its discretion in refusing to find good cause for delay some seventy-five days after the deadline for a motion to suppress had passed.

**B. Restitution.** Courts maintains the district court erred in ordering her to repay correctional fees and court costs when the amounts were still unknown. "We review restitution orders for correction of errors at law." *Albright*, 925 N.W.2d at 158.

There are two categories of restitution. *Id.* at 159. The district court orders category-one restitution without regard to a defendant's ability to pay. *See id.* But the district court must determine a defendant's ability to pay any form of category-two restitution before ordering a defendant to pay it. *Id.* Court costs, including correctional fees approved under Iowa Code section 356.7, are a form of category-two restitution, requiring the court to determine the defendant's reasonable ability to pay before ordering the defendant to pay this form of restitution. Iowa Code § 910.2(1); *Albright*, 925 N.W.2d at 159. At the time of Courts's sentencing, the sheriff had yet to file a claim for reimbursement.[3] Without knowing the amount of correctional fees or what procedure the sheriff would use to request those fees, the district court included a blanket order that Court "shall make restitution . . . for

---

[3] The sheriff is not required to seek fees as restitution under chapter 910 and may instead choose to collect the fees as a civil judgment under chapter 626. *See generally State v. Gross*, 935 N.W.2d 695 (Iowa 2019). If the sheriff seeks to collect fees under chapter 626, an ability-to-pay determination is not required. *See id.* at 703 ("Nothing in Iowa Code section 356.7 itself makes the recovery of jail room and board subject to a reasonable-ability-to-pay limitation. The limitation appears only in chapter 910 governing restitution, and section 356.7(2)(*i*) allows but does not require the sheriff to include the amount of the claim in restitution. . . . Thus, where the sheriff does not opt for the second route—i.e., to have jail fees included in restitution—a restitution-only limit seemingly should not apply.").

correctional fees." Under *Albright* this provision cannot stand. *See Albright*, 925 N.W.2d at 162 (vacating the restitution order because "the court found [the defendant] had the reasonable ability to pay and ordered restitution for items in the second category of restitution without having the amount of each item of restitution before it. This is contrary to the statutory scheme as outlined in this opinion.").

We vacate the portion of the sentencing order involving restitution for court costs and correctional fees and remand to the district court for further proceedings consistent with *Albright*.

**CONVICTION AFFIRMED; SENTENCE VACATED IN PART AND REMANDED.**