# IN THE COURT OF APPEALS OF IOWA

No. 24-1690
Filed December 17, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JON ROBERT HARRIS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Tama County, Justin Lightfoot, Judge.

        A criminal defendant appeals the district court's lack of good cause finding as to an untimely motion to suppress.  **AFFIRMED.**

        Webb L. Wassmer of Wassmer Law Office, PLC, Marion, for appellant.

        Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney General, for appellee.

        Considered without oral argument by Greer, P.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

Jon Robert Harris appeals his conviction for possession of methamphetamine, third offense, as a habitual offender, claiming the district court abused its discretion in finding a lack of good cause as to an untimely motion to suppress evidence. Upon our review, we affirm.

## I.    Background Facts & Proceedings

After Harris was arrested and charged with crimes unrelated to this appeal, he obtained a bail bond from Liberty Bail Bonds (Liberty) for release from jail. About a week later, Liberty decided to revoke Harris's bond and surrender him to the Tama County Jail. Around the time Liberty made that decision, and prior to apprehending Harris, Liberty called the Tama County Sheriff's Office and spoke to Chief Deputy Joseph Quandt to notify the office of the bond revocation and the intention to return Harris to jail after locating him. Quandt then informed the county attorney of the situation and emailed the jailers.

About four weeks later, Liberty apprehended Harris and surrendered him to the jail, where Harris was searched according to jail booking procedures. During booking, an officer discovered "a white tube that contained a crystal-like substance that was consistent with methamphetamine" in Harris's pocket. The officer advised Harris of his *Miranda* rights and asked Harris about the tube. Harris stated it did not belong to him and he was unaware of what the substance was in the tube. The officer asked Harris if the substance would test positive for crystal methamphetamine. Harris responded "probably." The substance in the tube tested positive for methamphetamine.

Harris was charged with possession of a controlled substance, third or subsequent offense, in violation of Iowa Code section 124.401(5) (2024), on May 1, 2024. He pled not guilty and waived his right to court-appointed counsel at his arraignment, where the district court conducted a colloquy with Harris about his decision to proceed as a self-represented litigant, including the fact that he would be held to the same standard as an attorney. Harris demanded speedy trial, and trial was scheduled for July 15, 2024, with his forty-day deadline to move to suppress expiring on July 2. *See* Iowa R. Crim. P. 2.11(6). The last day to begin trial under Harris's demand for speedy trial was August 7, 2024.

On June 13, Harris filed a motion which the court interpreted as a motion to dismiss for lack of probable cause. The motion asserted that Harris was wrongly brought to jail by Liberty due to lack of a warrant on the separate criminal matters. The district court denied this motion four days later based on Iowa Code section 811.8, finding Liberty had authority under the statute to surrender Harris to jail. On June 20, Harris applied for court-appointed counsel; his application was approved the same day.

Two motions to suppress appear in the appellate record, one filed on Saturday, July 13, and one filed on Sunday, July 14. The motions assert that good cause existed for the late filing because the district court did not hold a hearing on Harris's prior pro se motion. The motion also argued Liberty had no authority to bring Harris to jail, rendering his arrest unlawful, so the evidence found on Harris's person should be suppressed. Counsel lastly argued that Liberty failed to comply

with section 811.12 because it never notified "the chief law enforcement officer of the local government subdivision" as required by section 80A.3A(1).[1]

The district court addressed the motion on the morning of the first day of trial, July 15. Harris's counsel again argued that Liberty's seizure of Harris was unlawful because of noncompliance with the notice requirement of section 80A.3A(1). The State responded that they had not had an opportunity to review what defense counsel was arguing and stated that it would not be possible to fully address the motion on the morning of trial. As to the untimeliness of the motion, defense counsel stated there was good cause for the delay in filing the motion because he "did not have the time to look through all the discovery until shortly before trial." The State responded that there was no way to litigate the motion because of its proximity to the start of trial and it had no witnesses or evidence prepared.

The district court found a lack of good cause to allow the untimely motion to suppress. The court reasoned that although Harris was unrepresented during the time in which a motion to suppress should have been filed, he made the decision to proceed pro se and was accordingly "obligated to follow all rules and deadlines to the same extent as the party who has an attorney." The court also determined there was inadequate time for the State to respond to the motion to suppress as it "was filed on the eve of trial." As to the pro se motion filed by Harris before representation, the court found the motion to dismiss did not raise the issue identified in the subsequent motion to suppress.

---

[1] New versions of sections 811.8 and 811.12 became effective on July 1, 2024, but the portions of the statutes relevant here remain unchanged.

In addition to ruling that the motion was untimely, the district court also determined that the exclusionary rule would not apply to the notice requirement under section 80A.3A. The court concluded that Liberty was not a State actor and that section 80A.3A does not provide rights to Harris, determining that the statute is not one in "which a violation triggers [the] exclusionary rule." The court lastly found that the arrest was lawful, "even if that notice provision was not complied with."

Following a jury trial, Harris was convicted of possession of methamphetamine, third offense, as a habitual offender, in violation of sections 124.401(5), 902.8, and 902.9. Harris filed a combined motion for arrest of judgment and new trial, arguing the court's denial of the motion to suppress was in error. The district court confirmed the previous denial of the motion at the sentencing hearing. Harris was sentenced to a term of incarceration not to exceed fifteen years. Harris appeals.

## II.    Standard of Review

"We review the district court's good cause determination regarding the timeliness of a motion to suppress for an abuse of discretion." *State v. Courts*, No. 19-0074, 2020 WL 1548496, at *2 (Iowa Ct. App. Apr. 1, 2020) (citation omitted). "We will not find an abuse of discretion unless the trial court's action was clearly untenable or unreasonable." *State v. Eldridge*, 590 N.W.2d 734, 736 (Iowa Ct. App. 1999).

Harris asserts the standard of review for the denial on the merits of his motion to suppress should be de novo, alleging a deprivation of a constitutional right. *See State v. Coffman*, 914 N.W.2d 240, 244 (Iowa 2018) ("When a defendant

challenges a district court's denial of a motion to suppress based upon the deprivation of a . . . constitutional right, our standard of review is de novo." (citation omitted)). But because the basis of the motion related to allegations of statutory violations of sections 80A.3A(1) and 811.12(1)(a), we review the district court's ruling for correction of errors at law. *See State v. Starr*, 4 N.W.3d 686, 691–92 (Iowa 2024) (citation omitted). "If the district court applied the law correctly and substantial evidence supports the court's findings . . . , we will affirm the district court's ruling on a motion to suppress." *Id.* at 692 (citation omitted).

### III. Analysis

Harris argues that the district court abused its discretion in finding no good cause existed to support his untimely motion to suppress. We disagree. Pretrial motions, including motions to suppress "shall be filed . . . no later than 40 days after arraignment." Iowa R. Crim. P. 2.11(6). If a motion is not filed within the statutory timeline it "constitutes[s] waiver thereof, but the court, for good cause shown, may grant relief from such waiver." Iowa R. Crim. P. 2.11(5). Here, Harris was arraigned on May 23, 2024, so the deadline for filing pretrial motions was July 2. The motion to suppress was filed on July 13.

District courts have broad discretion to determine whether there is good cause to accept an untimely motion to suppress. *State v. Mundy*, No. 13-1370, 2014 WL 2885037, at *1 (Iowa Ct. App. June 25, 2014). "Factors considered . . . include the adequacy of the defendant's reasons for failure to comply with applicable rules of procedure and whether the State was prejudiced as a result." *Id.* (citation omitted). The court "must weigh the defendant's interest in a full and

fair trial against the State's interest in avoiding unfair surprise and unnecessary delay while also recognizing the sanctions . . . should not be imposed lightly." *Id.*

The motion to suppress was filed the weekend before trial. And although the district court allowed the defense an offer of proof about the alleged statutory violation, the State was disadvantaged by its inability to fully review the motion or prepare evidence and witnesses. The record shows that the State would be prejudiced by the untimely motion. *See id.*

As for Harris's justifications for the late filing, we find them unconvincing. Harris argues his pro se motion to dismiss should have been construed as a motion to suppress, so there was good cause to file the untimely suppression motion because the court denied the first motion. But this assertion does not support good cause for the late filing, as his pro se status does not excuse Harris or his eventual counsel from timely moving. *Kubik v. Burk*, 540 N.W.2d 60, 63 (Iowa Ct. App. 1995) ("The law does not judge by two standards, one for lawyers and another for lay persons. Rather, all are expected to act with equal competence. If lay persons choose to proceed pro se, they do so at their own risk." (internal citations omitted)). Further, the pro se motion did not address the issue brought up in the later motion to suppress. It is not the role of the courts to "rewrite a pro se pleading" or "act as the advocate for a pro se litigant." *Goodwin v. Iowa Dist. Ct.*, 936 N.W.2d 634, 643 n.2 (Iowa 2019). The fact that Harris filed an alternative motion when he was self-represented does not support good cause for the untimely motion to suppress.

And when counsel was appointed for Harris on June 20, time remained to timely move before the deadline. At trial, defense counsel argued that such time was not enough to review discovery to find grounds for a timely motion to suppress.

We disagree. When there is time left to file a pretrial motion, even when an attorney is newly appointed, and the motion is not filed on time, a district court may find that fact dispositive to a good cause analysis. *See State v. Jones*, No. 05-0316, 2006 WL 133009, at *2 (Iowa Ct. App. Jan. 19, 2006).

Harris, when self-represented, had almost the full forty days to file a suppression motion, and although his appointed counsel had a shorter window to file a motion, "'[m]erely not getting around to it' cannot be considered adequate grounds to violate a specific time limitation." *State v. Hollie*, 854 N.W.2d 695, 697 (Iowa 2013) (affirming the district court's finding of absence of good cause). We find Harris's reasons for the late filing inadequate, and that the State would be unnecessarily surprised and prejudiced. *See Eldridge*, 590 N.W.2d at 736–37.

Accordingly, we find there was no abuse of discretion in the district court's good cause determination for the untimely motion to suppress. Because we find there was no good cause, we need not reach the merits of the motion. *State v. Ball*, 600 N.W.2d 602, 605 (Iowa 1999) (declining to address the merits of an untimely motion to suppress after finding a lack of good cause).

## IV. Conclusion

For the above reasons, we find no abuse of discretion in the district court's determination of a lack of good cause as to the filing of Harris's motion to suppress.

**AFFIRMED.**